IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN DOE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NEW CASTLE COUNTY, )<br>HERBERT F. COATES in his individual )<br>capacity, and GARRETT C. KRATZER, )<br>in his individual capacity, )<br>)<br>    Defendant. ) | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S *EX PARTE* MOTION FOR A
PROTECTIVE ORDER TO FILE COMPLAINT UNDER PSEUDONYM**

**Background**

1. Plaintiff John Doe ("Doe") was an employee for Defendant New Castle County from October 21, 2019 until in or about June 2020. During that brief tenure, Doe was subjected to a number of incidents, including sexual assault, by his co-workers.

2. Doe filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission's ("EEOC") Philadelphia Office alleging a number of facts that constitute violations of Title VII of the U.S. Code as well as the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"). On or about September 17, 2021, the EEOC granted him a Right to Sue Letter ("RTS"). A lawsuit must be filed on or before December 16, 2021, to preserve the statute of limitations on the Title VII and ADA claims.

3. In addition to the Title VII and ADA claims, however, Doe seeks to assert a number of claims based upon Constitutional violations under 42 U.S.C. § 1983. Out of an abundance of caution, Doe seeks to file all claims on or before October 21, 2019, which is the two-year anniversary of his date of first employment with Defendant New Castle County.

1

**Facts**

4.      Doe, a heterosexual male, brings this action against his former employer alleging that he was the victim of sexual misconduct imposed upon him in the workplace. At the time of the events in question, Mr. Doe had been employed as a Trades Helper in the Plant Operations/Treatment Division of the New Castle County Department of Public Works. Due to the events set forth in the Complaint, Mr. Doe was assigned to work as Garrett Kratzer's helper.

5.      As part of the job, Doe was required to travel alone to various job sites with Kratzer. All of the following actions were unprovoked and took place off-site from the public works building. Some of the incidents occurred in a New Castle County vehicle. Kratzer caressed Doe's arm, another time he touched his chest. On January 14, 2020, Kratzer imposed upon Doe's off-site lunch and exercise break when he climbed onto Doe's back and pushed his erect penis onto Doe's buttocks. Kratzer, on multiple occasions, told Doe: "I want to stick my dick in your ass and cum all over your face." On the final date that Doe worked with Kratzer, Kratzer had a fit of road rage while traveling in the New Castle County vehicle, including gathering up nuts and bolts to throw at other motorists in traffic while yelling the N word. During this trip, Kratzer said again "I want to stick my dick in your ass and cum all over your face."

6.      Doe was assaulted by Kratzer, he feared for his safety, and he was humiliated by Kratzer's conduct. As a result, Doe was forced to leave employment with New Castle County. He is a private citizen and does not hold public office. He volunteers as a firefighter and EMT in the state of Delaware. He is currently attending school to advance his education.

7.      Doe reported the matter to the New Castle County Police Department and the matter was referred back to the New Castle County Human Resources department. It is Doe's understanding that all discussions regarding the details of this matter were kept confidential within

the Human Resources Department. Per applicable law, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC) and requested that it be dual filed with the Delaware Department of Labor Office of Anti-Discrimination. In addition, Doe has discussed the matter with his attorneys, his pastor and his medical provider; all of whom are obligated to maintain confidentiality.

**Legal Standard**

8.     Fed. R. Civ. P. 10(a) requires that a complaint include the names of all parties and Fed. R. Civ. P. 17(a) provides that an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 5.2(e), however, allows a party to seek a protective order to redact information in a pleading for good cause. Thus, in exceptional cases, courts have allowed a party to proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. Ct. of App. 2011). In those cases, a plaintiff must show "both a fear of severe harm and that the fear of severe harm is reasonable."  *Id.* Fear that he may "suffer embarrassment or economic harm is not enough." *Id.* (quoting *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008)).

9.     "A federal court lacks jurisdiction over a case if the plaintiff '[f]ail[s] to seek permission to proceed under a pseudonym' and to obtain court approval to proceed anonymously." *Doe v. Mitchell*, 2020 U.S. Dist. LEXIS 220750, at *11 (S.D. Ohio Nov. 24, 2020), *adopted by*, 2021 U.S. Dist. LEXIS 106003 (S.D. Ohio June 7, 2021) (internal citations omitted, brackets in original). "A putative plaintiff generally files a request to proceed anonymously either before or at the same time he files his complaint." *Doe v. Husband*, 2004 U.S. Dist. LEXIS 28345, at *16-17 (E.D. Va. Aug. 10, 2004). But even in cases where Courts have dismissed anonymous plaintiffs' cases for lack of jurisdiction, the plaintiff requesting anonymity has failed to file a motion at the outset of the litigation. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x.

630, 636-37 (6th Cir. 2005) (plaintiffs never filed motion to proceed anonymously); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172-73 (10th Cir. 2001) (plaintiffs filed motion to proceed anonymously after filing appeal); *Estate of Rodriquez v. Drummond Co.*, 256 F. Supp. 23d 1250, (N.D. Ala. 2003) (plaintiffs filed motion to proceed anonymously after defendants challenged plaintiffs proceeding without requesting permission to proceed anonymously). Thus, because Plaintiff is seeking leave to proceed anonymously simultaneously with the filing of his Complaint, this Court has jurisdiction over Plaintiff.

10. To determine whether a plaintiff has met his burden of proof that use of a pseudonym is appropriate, the Third Circuit Court of Appeals adopted the balancing test set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). "The *Provident Life* Court noted that its list of factors is not comprehensive and that trial courts 'will always be required to consider those [other] factors which the facts of the particular case implicate. *Megless*, 653 F.3d at 409, *citing Provident Life,* 176 F.R.D. at 468.

> The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. Steinman, *supra,* at 38–41.
>
> On the other side of the scale, the factors which militate against the use of a pseudonym are as follows: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which

> is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. Steinman, *supra,* at 41–42.

*Provident Life,* 176 F.R.D. at 467-68.

11.     In *Does I Thru XXIII v. Advanced Textile Corp.*, the Ninth Circuit Court of Appeals summarized the situations where pseudonym use has been approved around the country. They include: when identification creates a risk of retaliatory physical or mental harm; when anonymity is necessary to 'preserve privacy in a matter of sensitive and highly personal nature'; and when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" 214 F.3d 1058 (9th Cir. 2000); *see also K.W. v. Holtzapple,* 299 F.R.D. 438 (M.D. Pa. 2014).

12.     Plaintiff's request here is not novel and similar requests have been granted in this District. In *Doe v. Evans,* the court held that a sexual assault victim was permitted to pursue a civil rights action under pseudonym. 202 F.R.D. 173 (E.D. Pa. 2001). In *K.W. v. Holtzapple,* the court stated that the public has a "compelling need to protect identities [of sexual assault victims] to promote disclosure by these victims." 299 F.R.D. 438 (M.D. Pa. 2014); *Doe v. Princeton University*, 2019 WL 5587327 (D.N.J. Oct. 30, 2019); *Doe v. Trishul Consultancy, LLC*, 2019 WL 4750078 (D. N.J. Sept. 30, 2019). Additionally, in *Doe v. Hartford Life & Acc. Ins.*, the court held that plaintiff was permitted to maintain privacy of his mental illness by proceeding under a pseudonym. 2006 WL 2838898 (D. N.J. 2006).

### The Need for *Ex Parte* Relief

13.     "[W]hen the parties seek anonymity, they are in a procedural dilemma – if they follow Rule 10(a), they automatically reveal their identities; if they do not, they risk dismissal of their case." *EEOC v. ABM Indus.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008). The statute of limitations

5

– October 21, 2021 to be safe – is quickly approaching.  Plaintiff seeks permission to proceed pseudonymously before filing his Complaint.  A sister court in the Third Circuit considered and granted a similar motion in *Doe v. Upper St. Clair Sch. Dist.*, 2008 U.S. Dist. LEXIS 52919 (W.D. Pa. July 13, 2008).  Likewise, in *James v. Jacobson*, 6 F.3d 233, 235 (4th Cir. 1993), the Fourth Circuit explained and implicitly endorsed the process by which plaintiffs sought *ex parte* permission – before filing their Complaint – to file the Complaint pseudonymously and the Defendant could then object to the *ex parte* order allowing pseudonymity following service of process.

14.     Recognizing that both *ex parte* requests and requests to proceed pseudonymously are disfavored, Plaintiff John Doe simply requests that he be permitted to file his Complaint publicly under a pseudonym along with an unredacted version of the Complaint under seal. Following *James*, after service of process or waiver thereof, Plaintiff's counsel will endeavor to reach a resolution with defense counsel on whether Plaintiff can continue to proceed pseudonymously and, if so, how that will be accomplished through pleadings, discovery, and trial. If resolution cannot be reached amongst counsel, Plaintiff may file a new motion seeking pseudonymous treatment (including terms of how that will be accomplished), Defendants may respond, and the Court can rule.

**Applying the *Provident Life* Factors, Doe's Use of a Pseudonym is Justified**

15.     ***The Identity Of The Litigant Has Been Kept Confidential From The Public.***  This matter has remained confidential from public consumption.  Doe has not openly discussed the facts or the related diagnosis of post-traumatic stress disorder and anxiety.  He disclosed the matter to the defendant, the EEOC, and the Delaware Department of Labor as is required by law.  He has

disclosed the matter only to his attorneys, his pastor, and his medical provider, all of whom are obligated to maintain confidentiality.  This factor weighs in plaintiff's favor.

16. ***Plaintiff Has Substantial Reasons for Seeking to Prevent Disclosure of His Identity.***  Plaintiff is a volunteer EMT and firefighter. He is a hero, who during the COVID-19 pandemic, volunteered a great deal of his time at COVID-19 testing sites.  He is currently attending college classes to advance his knowledge and change careers so that he will never again be put in a situation similar to those described above.

17. Plaintiff is a survivor of sexual assault. He is humiliated and embarrassed by Kratzer's conduct and the lack of protection afforded to him as an employee of New Castle County. "[T]he compelling need to protect an alleged sexual assault victim's privacy interests has been held to be sufficient to allow the alleged victim to proceed anonymously."  *Mitchell*, 2020 U.S. Dist. LEXIS 220750, at *18.  Plaintiff also alleges that he has been diagnosed with and suffered post-traumatic stress disorder and anxiety as a result of the defendant's failings alleged in the Complaint.  He fears exacerbation of his conditions if his identity is made public.  Like other survivors of sexual assault, his privacy should be maintained during the course of this litigation. *See Doe v. Princeton University,* 2019 WL 5587327 (D. N.J. Oct. 30, 2019) (finding this factor in plaintiff's favor because of his status as a victim of sexual assault.)

18. As a person who is now diagnosed with P.T.S.D., plaintiff is also concerned that public knowledge of this protected mental health information could affect his prospects of continuing to work in the medical field, which he is currently studying to join.  *See Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D. N.J. 2006) (permitting a plaintiff to maintain confidentiality of his protected health information while continuing to pursue his claim under pseudonym.)

19. ***The Public Has An Atypically Weak Interest in Learning Plaintiff's Identity.*** The plaintiff's identity in this particular case should have a weak public interest. The defendants' conduct is at issue here, and public interest lies in the conduct of New Castle County, a government employer. As such, the defendant and all employee's whose conduct are at issue have been publicly named in the Complaint.

20. ***The Allegations in the Complaint Are Not Purely Legal.*** The allegations in the complaint are fact sensitive, and not purely legal. Plaintiff admits that this factor weighs against his position.

21. ***It Would be An Egregious Miscarriage of Justice if There Were An Outcome Adverse to the Pseudonymous Plaintiff Due to His Refusal To Pursue The Case At The Price Of Being Publicly Identified.*** Requiring Doe to be publicly named and shamed for surviving Kratzer's assaults would be an undesirable result. Forcing him to choose between moving on with his life and career or allowing New Castle County's conduct to publicly follow him for all time would be untenable. Allowing Doe's complaint to be dismissed and go unanswered for refusing to publicly identify himself would be an egregious miscarriage of justice.

22. ***Plaintiff Does Not Have Illegitimate Ulterior Motives.*** Doe has no ulterior motive. His reasons for seeking to sue pseudonymously are set forth above.

23. ***The Universal Level of The Public Interest In Access To The Identities Of Litigants Is Weak.*** Plaintiff is not a public figure. While the subject matter of the litigation is likely to raise the level of public interest in the matter, it is unlikely that knowledge of Plaintiff's identity would be of consequence to any person interested in following the suit. There is not a particularly strong interest in knowing the identity of a survivor of sexual assault.

24. **Other Factors Should be Weighed in Plaintiff's Favor.**  As recognized by the courts in the United States, defendants have a right to confront its accuser.  In this particular matter, Defendant New Castle County has had knowledge of Doe's identity since the date it employed him.  Defendants Coates and Kratzer were assigned to work with Doe.  A detailed Charge of Discrimination with exhibits was filed with the EEOC, dual-filed with the Delaware Department of Labor, and served upon Defendant New Castle County.  Granting the present Motion will not prejudice any Defendant.

25. In *Mitchell*, the Court found that anonymous plaintiff's challenge to a policy or custom of a governmental agency weighed in favor of protecting the plaintiff's identity.  *Mitchell* involved sexual assault allegations against a police officer, but the plaintiff apparently asserted claims against the municipality of having "a policy or custom of tolerating and acquiescing in violations of federal and state law by . . . police officers in its vice unit" that was the cause of the plaintiff's harm.  2020 U.S. Dist. LEXIS 220750, at *19.  Likewise, Doe intends to assert *Monell* liability claims against New Castle County for First Amendment retaliation relating to it ignoring and/or acquiescing in the behavior that was being carried out in its maintenance department that was the cause of the harm to Doe.  He also includes failure to train claims against New Castle County.  Thus, the instant Motion should be granted.

WHEREFORE Plaintiff John Doe respectfully requests this Court:

A. Grant Plaintiff's *Ex Parte* Motion to File Complaint Under Pseudonym;

B. Enter an Order:

   1. Allowing Plaintiff to file his Complaint publicly under a pseudonym with an unredacted version of the Complaint filed under seal in accordance with the District of Delaware's CM/ECF Procedures;

2. Directing Plaintiff to serve Defendants (or attempt a waiver of service) with both the pseudonymous Complaint and the unredacted Complaint and a copy of the Order granting this Motion;

3. Directing Defendants to treat this matter as confidential and not publicly reveal John Doe's identity until an agreement is reached or this Court rules on the merits;

4. Directing counsel for the parties, after service of process (or a waiver thereof) is effectuated, to reach an agreement on proceeding pseudonymously or, failing that, alert the Court by December 31, 2021, whether a ruling on the merits of this Motion is warranted; and

C. Grant such other relief as the Court deems appropriate.

| **MURPHY & LANDON** | **JACOBS & CRUMPLAR, P.A.** |
|---|---|
| /s/ Lauren A. Cirrinicione | /s/ Patrick C. Gallagher |
| Lauren A. Cirrinicione, Esq. (DE Bar 5089) | Patrick C. Gallagher, Esq. (DE Bar 5170) |
| 1011 Centre Road, Suite 210 | 750 Shipyard Drive, Suite 200 |
| Wilmington, DE  19805 | Wilmington, DE  19801 |
| (t) 302-472-8101 | (t) 302-656-5445 |
| (f) 302-472-8135 | (f) 302-656-5875 |
| lcirrinicione@msllaw.com | pat@jcdelaw.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| DATE:  October 14, 2021 | DATE:  October 14, 2021 |