IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| NEW CASTLE COUNTY, ) | |
| HERBERT F. COATES in his individual ) | |
| capacity, and GARRETT C. KRATZER, ) | |
| in his individual capacity, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO FILE COMPLAINT AND PLAINTIFF'S *EX PARTE* MOTION FOR A PROTECTIVE ORDER TO FILE THE COMPLAINT UNDER A PSEUDONYM UNDER SEAL**

Plaintiff moves to file the following documents under seal: 1) the *Ex Parte* Motion for a Protective Order to File the Complaint Under a Pseudonym, which includes as an exhibit the unredacted Complaint and 2) the Complaint. *See Doe v. Upper St. Clair Sch. Dist.*, 2008 U.S. Dist. LEXIS 52919, at * (W.D. Pa. July 13, 2008); *James v. Jacobson*, 6 F.3d 233, 235 (4th Cir. 1993). The unredacted Complaint identifies the plaintiff by his given name and provides the plaintiff's personally identifying information and other confidential information such as his protected health information as it relates to the Complaint.

**Background**

1. This action involves allegations of sexual assault pertaining to John Doe ("Doe"), and allegations that Doe suffered P.T.S.D. and anxiety due to the defendants' conduct.

2. Doe was an employee for Defendant New Castle County from October 21, 2019, until in or about June 2020. During that brief tenure, Doe was subjected to a number of incidents, including sexual assault, by his co-workers.

3. Doe filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission's ("EEOC") Philadelphia Office alleging a number of facts that constitute violations of Title VII of the U.S. Code as well as the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"). On or about September 17, 2021, the EEOC granted him a Right to Sue Letter ("RTS"). A lawsuit must be filed on or before December 16, 2021, to preserve the statute of limitations on the Title VII and ADA claims.

4. In addition to the Title VII and ADA claims, however, Doe seeks to assert a number of claims based upon Constitutional violations under 42 U.S.C. § 1983. Out of an abundance of caution, Doe seeks to file all claims on or before October 21, 2019, which is the two-year anniversary of his date of first employment with Defendant New Castle County.

**Facts**

5. Doe, a heterosexual male, brings this action against his former employer alleging that he was the victim of sexual misconduct imposed upon him in the workplace. At the time of the events in question, Doe had been employed as a Trades Helper in the Plant Operations/Treatment Division of the New Castle County Department of Public Works. Due to the events set forth in the Complaint, Doe was assigned to work as Garrett Kratzer's helper.

6. As part of the job, Doe was required to travel alone to various job sites with Kratzer. All of the following actions were unprovoked and took place off-site from the public works building. Some of the incidents occurred in a New Castle County vehicle. Kratzer caressed Doe's arm, another time he touched his chest. On January 14, 2020, Kratzer imposed upon Doe's off-site lunch and exercise break when he climbed onto Doe's back and pushed his erect penis onto Doe's buttocks. Kratzer, on multiple occasions, told Doe: "I want to stick my dick in your ass and cum all over your face." On the final date that Doe worked with Kratzer, Kratzer had a fit of road

rage while traveling in the New Castle County vehicle, including gathering up nuts and bolts to throw at other motorists in traffic while yelling the N-word. During this trip, Kratzer said again "I want to stick my dick in your ass and cum all over your face."

7. Doe was assaulted by Kratzer, he feared for his safety, and he was humiliated by Kratzer's conduct. As a result, Doe was forced to leave employment with New Castle County. He is a private citizen and does not hold public office. He volunteers as a firefighter and EMT in the state of Delaware. He is currently attending school to advance his education.

8. Doe reported the matter to the New Castle County Police Department and the matter was referred back to the New Castle County Human Resources department. It is Doe's understanding that all discussions regarding the details of this matter were kept confidential within the Human Resources Department. Per applicable law, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and requested that it be dual filed with the Delaware Department of Labor Office of Anti-Discrimination. In addition, Doe has discussed the matter with his attorneys, his pastor, and his medical provider; all of whom are obligated to maintain confidentiality.

**Legal Standard**

9. While the public has the right to access the court docket, that right is not absolute. Fed. R. Civ. P. 5.2(d) states that "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

10. "The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana*

*Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (*quoting Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)); *see also Goldstein v. Aetna Life Ins. Co.*, 2021 WL 372512, at *2 (D. Del. Feb. 3, 2021). There is no statute or rule of civil procedure that defines the materials that the court may take into consideration when evaluating a motion to seal. *Peters v. University of Pittsburgh*, 2019 WL 109402, *2 (W.D. Penn. Jan. 4, 2019).

11. Simultaneously with this motion, the plaintiff has filed a separate motion seeking a protective order to redact his name from pleadings and permit him to proceed under pseudonym. The legal argument and factual basis for proceeding under a pseudonym are set forth in that motion.

12. Relevant to this motion to file under seal is the nine-factor applicable balancing test used to determine whether a plaintiff may proceed under pseudonym. *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). The first of those factors is: "(1) the extent to which the identity of the litigant has been kept confidential". *Id.*

13. As stated in paragraph 8 above, Plaintiff has otherwise maintained confidentiality of the facts identified in the Complaint to the extent possible. Disclosures of the facts and his identity were only made to his pastor, his attorneys, his employer, the police department, the EEOC, and the Delaware Department of Labor Office of Anti-Discrimination. Permitting him to file the Complaint under seal while the court considers his *ex parte* motion to proceed under pseudonym is essential to plaintiff's motion to proceed under pseudonym.

14. Plaintiff therefore meets the two-pronged test set forth by the *Miller* court. Here, where there is a motion pending to permit him to proceed under pseudonym, Doe's identity is the kind of information the courts will protect and disclosure will cause a clearly defined and serious injury to plaintiff in that it would negate his motion to proceed under pseudonym. *Miller v. Indiana*

*Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *see also EEOC v. ABM Indus.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008) (recognizing the procedural dilemma created by Fed. R. Civ. P. 10(a) to maintain confidentiality of the plaintiff's identity while seeking permission to proceed under pseudonym); *Doe v. Princeton University,* 2019 WL 5587327 (D. N.J. Oct. 30, 2019) (finding this factor in plaintiff's favor because of his status as a victim of sexual assault); *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D. N.J. 2006) (permitting a plaintiff to maintain confidentiality of his protected health information while continuing to pursue his claim under pseudonym)

15. Plaintiff John Doe simply requests that he be permitted to file his *ex parte* motion to proceed under pseudonym along with an unredacted version of the Complaint for the court's consideration under seal.

16. Thus, the instant Motion should be granted.

WHEREFORE Plaintiff John Doe respectfully requests this Court:

A. Grant Plaintiff's Motion for a Protective Order to File Complaint and Plaintiff's *Ex Parte* Motion for a Protective Order to File the Complaint Under a Pseudonym Under Seal;

B. Enter an Order sealing the Plaintiff's *Ex Parte* Motion for a Protective Order to File the Complaint Under a Pseudonym; and

C. Enter an Order allowing Plaintiff to file an unredacted version of the Complaint under seal as an exhibit to Plaintiff's *Ex Parte* Motion for a Protective Order to File Complaint Under Pseudonym;

D. Enter an Order allowing Plaintiff to file the unredacted version of the Complaint under seal pending the court's decision on Plaintiff's *Ex Parte* Motion for a Protective Order to File Complaint Under Pseudonym; and

E.  Grant such other relief as the Court deems appropriate.

| **MURPHY & LANDON** | **JACOBS & CRUMPLAR, P.A.** |
|---|---|
| /s/ Lauren A. Cirrinicione | /s/ Patrick C. Gallagher |
| Lauren A. Cirrinicione, Esq. (DE Bar 5089) | Patrick C. Gallagher, Esq. (DE Bar 5170) |
| 1011 Centre Road, Suite 210 | 750 Shipyard Drive, Suite 200 |
| Wilmington, DE  19805 | Wilmington, DE  19801 |
| (t) 302-472-8101 | (t) 302-656-5445 |
| (f) 302-472-8135 | (f) 302-656-5875 |
| lcirrinicione@msllaw.com | pat@jcdelaw.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| DATE:  October 14, 2021 | DATE:  October 14, 2021 |