## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| NEW CASTLE COUNTY, | ) | |
| HERBERT F. COATES in his individual | ) | |
| capacity, and GARRETT C. KRATZER, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>COMPLAINT</u>

### Parties & Background

1.     Plaintiff John Doe ("John Doe") is an adult resident of New Castle County, Delaware.  John Doe is heterosexual male married to a woman of color, who is Filipino.

2.     Defendant New Castle County ("Defendant", "New Castle County", or the "County") is a government entity who, pursuant to 9 Del. C. §1111, may be served with process by serving the County Executive, Matthew Meyer at 87 Reads Way New Castle, DE 19720.

3.     Herb F. Coates ("Coates") is a resident of Wilmington, New Castle County, Delaware.

4.     Garrett C. Kratzer ("Kratzer") is a resident of New Castle, New Castle County, Delaware.

5.     From October 2019 through June 2020, John Doe was employed by New Castle County as a Trades Helper in the Plant Operations/Treatment Division of the New Castle County Department of Public Works. ("DPW").  The DPW is located at the William J. Conner Building, 187A Old Churchmans Road, New Castle, DE 19720.

6.      The County employs approximately 2,000 employees.

**Jurisdiction & Venue**

7.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court also has jurisdiction over the related State law claims pursuant to 28 U.S.C. § 1367.

8.      Venue in this Court is proper under 28. U.S.C. § 1391, and this court has personal jurisdiction over the Defendant in this matter because the events giving rise to these claims occurred in this District.

**The Administrative Process**

9.      On September 25, 2020, John Doe, through counsel, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission's ("EEOC") Philadelphia Office.  John Doe requested that the Charge of Discrimination be dual-filed with the Delaware Department of Labor Office of Anti-Discrimination.

10.     The EEOC retained the case for investigation and assigned John Doe's Charge of Discrimination a case number of 530-2020-06001.

11.     New Castle County submitted a Position Statement on or about November 20, 2020, to which John Doe responded on or about January 15, 2021.

12.     Also on or about January 15, 2021, John Doe submitted an Amended Charge to the EEOC pursuant to 29 C.F.R. § 1601.12.

13.     When over 180 days had passed since the filing of the Amended Charge and the EEOC had not made any further progress, John Doe requested a Right to Sue Letter from the EEOC on August 25, 2021.

14.     The EEOC sent John Doe's counsel a Right to Sue letter dated September 17, 2021.

00262610.2                                                  2

**John Doe is Hired by New Castle County**

15.     Prior to working for New Castle County, John Doe had training as a plumber, pipefitter, and welder.  He was employed in that field before becoming self-employed in a landscaping business.  He needed a job with regular pay and/or benefits, however, because his wife is ill and needed/needs medical attention.

16.     In September 2019, John Doe completed an application for employment at New Castle County.  He began working for New Castle County on October 21, 2019.

17.     When John Doe first started with New Castle County, he was working in a workshop.  They pulled pumps out of the sewer system for repair.  Almost immediately after starting the job, John Doe recognized safety issues.  The non-exhaustive list of safety concerns he raised to co-workers included: (a) a tripod used to lower men down into the sewer system to retrieve pumps; (b) a lack of adequate fall protection gear; (c) lifting straps that were used beyond their useful life; and (d) homemade fittings/rings placed on oxygen tanks that were used by cranes to lift the tanks.

18.     John Doe raised these safety concerns to:  Billy Valentine, a co-worker ("Valentine"); Coates, a Pump Station Mechanic; Ken Mills, the Foreman Master Mechanic ("Mills"); James O'Hara, the Facility Maintenance Supervisor ("O'Hara"); and Regis Yurcich, who was the Chief of Facility Operations ("Yurcich").  Instead of being praised for trying to correct safety problems, John Doe was told that OSHA requirements did not apply to the County.

19.     John Doe was assigned at one point to assist Herb Coates in the airport shop.  On or about December 12, 2019, John Doe spoke up to Herb Coates and pointed out some safety issues around the shop.  The exchange about the homemade rings placed on oxygen tanks became

contentious.  Ultimately, Herb Coates accused John Doe of threatening him.  Coates used this allegation frequently against his co-workers when dealing with something uncomfortable.

20.     At one point while working for Herb Coates, Coates said to John Doe, "are you fucking stupid"?

21.     At the time of this event, John Doe maintained a probationary status at New Castle County and was not afforded Union representation or the process afforded to a tenured employee under the Union contract.  Although John Doe did not threaten or assault Coates, the incident resulted in a complaint against John Doe and disciplinary action in the form of a Written Warning on or about December 19, 2019.

22.     Additionally, Coates did not like firefighters.  Firefighting is John Doe's passion, and he is a Senior Interior Firefighter as well as an NREMT (he was an EMR at the time of the incident).  Nonetheless, Coates kept using the phrase "firehouse faggots" or "firehouse fags" around John Doe.  John Doe reported this twice to O'Hara and Yurcich, but, to John Doe's knowledge, nothing was ever done or said to Coates about the discriminatory language.  O'Hara and Yurcich simply said that was "just Herbie being Herbie."

**John Doe is Assigned to Work With Garrett Kratzer**

23.     On or around December 19, 2019, and, as a result of the aforementioned disciplinary action/write up, John Doe was transferred to work under Kratzer, a mechanic in DPW. In hindsight, John Doe may have been paired with Kratzer in retaliation for raising safety concerns and/or raising concerns about being called a "firehouse fag/faggot".

24.     At least on one occasion after the transfer to working with Kratzer, John Doe was asked by someone at the County if he was having any problems working with Kratzer.

25.     Kratzer frequently and openly used offensive language in the workplace:

    a.   Around the public works building and in front of other employees, Kratzer was lewd, calling a piece of equipment his "pussy."

    b.   On another occasion, Kratzer, ostensibly a hunter, shot a bobcat and was walking around the DPW breakroom saying "look at my pussy."

    c.   On yet another occasion, John Doe had to travel with Kratzer to a sexual harassment seminar. When they arrived at the seminar, other co-workers were trying to get away from Kratzer. During the sexual harassment seminar, Kratzer made inappropriate comments to the female instructor/presenter.

    d.   Around the public works building and in front of other employees, Kratzer made disparaging remarks about people of color, often using the term "nigger" (hereinafter, the "N word"), referring to "those people," "the brothers," and "immigrants."

    e.   When driving around through Wilmington, Kratzer frequently used the "N word."

    f.   When driving, Kratzer demonstrated a substantial amount of road rage and used a substantial amount of profanity.

26.    Kratzer behaved in this way in front of the entire Division making the entire Division witnesses to his behavior. Specific personnel who may have heard Kratzer's disparaging remarks and abusive language include, but are not limited to:

    a.   O'Hara;

    b.   Mills;

    c.   George Swire, a supervisor;

    d.   Tom Murphy, an electrical foreman; and

e. Jack Pence, a Master Mechanic, upon information and belief a supervisor, and someone who seemed to find Kratzer's behavior humorous.

27.     Kratzer told John Doe that two different individuals had been Kratzer's help prior to John Doe.  When John Doe inquired, Kratzer said one of the men had asked to be transferred, but he would not say any more.  According to Kratzer, the other man who held the position hanged himself.

28.     Kratzer also told John Doe that he had been fired from a previous job with the City of New Castle prior to working to working for New Castle County.  Kratzer said it had something to do with Kratzer's personality disorder.

29.     Upon information and belief, New Castle County, through its managers, agents, and employees, knew or should have known of Kratzer's behavior because, among other things, it was so severe and frequent, he had been through a number of helpers/assistants, and he had been terminated from a position with the City of New Castle.  Evidence of this knowledge is that someone from the County approached John Doe after the transfer to working with Kratzer to ask John Doe if he was having any problems with Kratzer.

30.     Kratzer knew that John Doe was married to a Filipino woman.  Nonetheless, he made Asian slurs to and around John Doe.  On at least half a dozen occasions, Kratzer asked John Doe if his wife's vaginal opening was slanted because she was Asian.

31.     As part of his job, John Doe would drive out to various job sites with Kratzer in the same vehicle.  The two men would perform their work-related duties and then return to the Department of Public Works in the same truck.

32.     One day while out on an assignment, Kratzer caressed John Doe's arm.  Concerned for his job and afraid to report it after the prior incident with Herb Coates, John Doe did not say anything.

33.     Approximately a week or so later, Kratzer grabbed John Doe's chest.  Again, John Doe remained silent.

34.     Similar incidents continued, which became more pronounced and threatening.

35.     A few weeks after that, on January 14, 2020, Kratzer and John Doe were offsite at a pump station off of Marsh Road.  On that date, John Doe was doing pushups, part of his regular workout routine, on his lunch break when Kratzer walked around the truck and put his foot on John Doe's back. He then climbed on top of John Doe's back and put his erect penis on John Doe's butt. Despite the fear created by this situation, John Doe was forced to return in the truck with Kratzer at the end of the day.  Silent because he needed the job, he again said nothing.

36.     In the last week John Doe was on the job with Kratzer, Kratzer told John Doe on different days: "I want to stick my dick in your ass and cum all over your face."

37.     On January 24, 2020, John Doe, Kratzer, and Jack Pence, a supervisor, were in a pump house.  While they were working, Kratzer kept turning the lights off in the pump house. Kratzer thought this was funny.  Jack Pence said nothing.  On the way back to the DPW workshop, Kratzer had a fit of road rage again.  He was gathering up nuts and bolts to throw at other motorists while screaming the "N word" at traffic.  Then, Kratzer said to John Doe, yet again, "I want to stick my dick in your ass and cum all over your face."  At this time, John Doe knew he had had enough.  He was humiliated and concerned about his safety.  John Doe thought of his son, who is serving in the Army, and thought how embarrassing it would be if his son knew he was putting up with this.  John Doe realized the job was not going to work.

38.     Based upon Kratzer's ongoing and continuous conduct, it is fair to assume that Kratzer perceived John Doe to be a homosexual.  Even if he did not, Kratzer's ongoing and continuous conduct was harassment of John Doe based upon unwanted racial and sexual comments.

### John Doe Reports Kratzer to the New Castle County Police Department

39.     Upon arriving home on January 24, 2020, John Doe confided in his wife about what had happened.  On or about January 28, 2020, John Doe called the chaplain at the fire house where he serves as a volunteer firefighter.  Approximately the next day he notified the New Castle County Police Department of Kratzer's actions the previous day, as well as the conduct that occurred over the previous weeks.  A police report was filed.  Upon information and belief, the report number is 32-20-008710.

40.     John Doe contacted the New Castle County Police Department because, in light of his experience of being disciplined when he raised safety concerns to Herb Coates, John Doe was not confident that reporting Kratzer's conduct to his employer would eliminate the harassment or lead to a better working environment.  Moreover, John Doe feared he would be disciplined by New Castle County for reporting Kratzer's behavior.  Since Kratzer's conduct was also criminal, John Doe turned to the only other option he thought could help.

### New Castle County's Response to the Claim of Harassment

41.     John Doe received an email from Jason Zern on January 28, 2020.  Zern is an employee of New Castle County, Delaware.  The email stated that if John Doe did not return to work on January 29, 2020, he would be disciplined.  The email also stated that, once New Castle County received notice of John Doe's complaint against Kratzer, Kratzer had been placed on administrative leave effective January 27, 2020, pending an investigation.  Finally, the email

informed John Doe that he had to attend a meeting at 8:00 a.m. on January 29, 2020, to discuss his concerns about Kratzer and his "unspecified safety concerns."  The email mentioned that he could bring a union representative with him, even though John Doe was not a union member.

42.     John Doe did not return physically return to work following January 24, 2020, except to attend the meeting on January 29, 2020.  Apparently angry that John Doe had contacted the New Castle County Police Department, the County demanded that John Doe come to this meeting.  John Doe believed he was going to be disciplined again.

43.     On January 28, 2020, John Doe obtained a medical note from First State Medical Associates that he should not return to work until further notice.  John Doe gave New Castle County the medical note at the January 29, 2020 meeting discussed in the next paragraph.

44.     The January 29, 2020 meeting was attended by John Doe, his wife, Jane Doe, William Jones, an EEO officer for New Castle County, and Jason Zern.  There may have been other attendees, but these are the individuals recalled as being present by John Doe.  The New Castle County representatives had John Doe complete two different complaints.  In the meeting, they focused on John Doe's safety concerns and acted as though they had no idea there were safety violations at DPW.

45.     On January 31, 2020,[1] Jacqueline D. Jenkins, the Chief Human Resources Officer for New Castle County, sent John Doe a letter indicating that, based upon the medical note, he was being placed on an unpaid leave of absence for 30 days starting January 28, 2020 and concluding February 26, 2020.

46.     On February 7, 2020, William C. Jones, an EEO/ADA Officer for New Castle County, sent John Doe a letter.  The letter stated New Castle County had investigated the

_____

[1] The letter was sent by email and certified mail.  The cover email was dated January 31 and indicated the letter was mailed on January 31.  The actual letter was dated January 30.

allegations of harassment against Kratzer and was "unable to substantiate the allegations."  But, "a witness did corroborate the use of offensive language by" Kratzer.  The letter further stated it "recommended an action plan to General Manager Tracy Surles for the employee involved in order to eliminate future complaints of this nature."  Finally, the matter was deemed closed.

47.     New Castle County never offered for John Doe to transfer to another department. But working for the Plant Operations/Treatment Division was not feasible after what had occurred. First, there were only 8-10 people in the Division.  Those employees gathered about 10-15 minutes before their morning shift started, and they were periodically gathered together for work purposes. If he stated in the same department, John Doe would have to be around his harasser, Kratzer, nearly daily.  The failure to even offer a transfer is believed to be retaliatory for reporting Kratzer's behavior.

48.     The leave of absence was extended. On May 27, 2020, First State Medical Associates issued another order stating that, based upon John Doe's anxiety and post-traumatic stress disorder, his physician was advising that John Doe not return to work for New Castle County. John Doe's physician related the anxiety and post-traumatic stress disorder to his employment at New Castle County.

49.     On July 7, 2020, New Castle County responded to a communication from John Doe's attorney.  The attorney requested that the leave of absence end.  In response, an attorney for New Castle County stated: "The County has done so and accepts his resignation of employment effective June 2, 2020."

**John Doe's Damages**

50.     As a direct and proximate result of the actions and failures to act of Defendant New Castle County, John Doe suffered the following damages:

     a.   Lost wages, front and back;

     b.   Anxiety and PTSD;

     c.   Humiliation and embarrassment at work and in the community;

     d.   Disruption to his life; and

     e.   Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## COUNT I – RETALIATION
## (TITLE VII – AGAINST DEFENDANT NEW CASTLE COUNTY)

51.     Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

52.     Plaintiff voiced his concerns about being called a "firehouse faggot/fag" to O'Hara and Yurcich.  Plaintiff's concern was disregarded, and Plaintiff was then re-assigned to work with Kratzer.

53.     Upon information and belief, Defendant New Castle County, through its agents and employees, knew that Kratzer was difficult to work with and would make John Doe's working conditions miserable.

54.     Kratzer made John Doe's working conditions so miserable that John Doe was ultimately constructively discharged.

55.     As a result of Defendant New Castle County's retaliation, John Doe suffered the damages stated in Paragraph 50.

56.     This willful, intentional, and unlawful action violates the laws and regulations of the United States, including, without limitation 42 U.S.C. § 2000e, *et seq.*

## COUNT II - HOSTILE WORK ENVIRONMENT BASED UPON RACE AND NATIONAL ORIGIN
## (TITLE VII – AGAINST DEFENDANT NEW CASTLE COUNTY)

57.     Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

58.     John Doe was subject to intentional harassment by Kratzer because of race and national origin based upon his association with his wife.

59.     Kratzer's harassment was severe or pervasive.

60.     Kratzer's harassment would detrimentally affect a reasonable person and did in fact detrimentally affect John Doe.

61.     Upon information and belief, Defendant New Castle County knew or should have known of Kratzer's behavior and failed to reasonably supervise Kratzer allowing John Doe to be harassed.

62.     As a result of the discrimination based upon John Doe's race and national origin, John Doe suffered the damages stated in Paragraph 50.

63.      This willful, intentional, and unlawful action violates the laws and regulations of the United States, including, without limitation 42 U.S.C. § 2000e, *et seq.*

## COUNT III – HOSTILE WORK ENVIRONMENT BASED UPON GENDER
## (TITLE VII – AGAINST DEFENDANT NEW CASTLE COUNTY)

64.      Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

65.      John Doe suffered intentional discrimination while employed at New Castle County because of his gender.  Based upon the actions of Mr. Kratzer, it is reasonable to believe

that he thought John Doe was a homosexual and was intentionally discriminating against John Doe on that basis.

66.     Kratzer's harassment was severe or pervasive.

67.     Kratzer's harassment would detrimentally affect a reasonable person and did in fact detrimentally affect John Doe.

68.     Upon information and belief, Defendant New Castle County knew or should have known of Kratzer's behavior and failed to reasonably supervise Kratzer allowing John Doe to be harassed.

69.     As a result of the discrimination based upon John Doe's gender, John Doe suffered the damages stated in Paragraph 50.

70.     This willful, intentional, and unlawful action violates the laws and regulations of the United States, including, without limitation 42 U.S.C. § 2000e, *et seq.*

## COUNT IV – HOSTILE WORK ENVIRONMENT BASED UPON SEX AND SEXUAL ORIENTATION (TITLE VII – AGAINST DEFENDANT NEW CASTLE COUNTY)

71.     Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

72.     John Doe suffered intentional discrimination by Kratzer while employed at New Castle County because it was perceived that his sex and sexual orientation did not conform to the stereotypes of his gender and that he was a homosexual despite his marriage to a woman.  Kratzer further displayed evidence that he sexually desired John Doe.

73.     Kratzer's harassment was severe or pervasive.

74.     Kratzer's harassment would detrimentally affect a reasonable person and did in fact detrimentally affect John Doe.

75.     Upon information and belief, Defendant New Castle County knew or should have known of Kratzer's behavior and failed to reasonably supervise Kratzer allowing John Doe to be harassed.

76.     As a result of the discrimination based upon John Doe's sex and perceived sexual orientation, John Doe suffered the damages stated in Paragraph 50.

77.     This willful, intentional, and unlawful action violates the laws and regulations of the United States, including, without limitation 42 U.S.C. § 2000e, *et seq.*

### COUNT V – CONSTRUCTIVE DISCHARGE
### (TITLE VII – AGAINST DEFENDANT NEW CASTLE COUNTY)

78.     Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

79.     John Doe was subject to working conditions so intolerable that a reasonable person would have felt compelled to resign.

80.     After being placed on a medical leave of absence for post-traumatic stress disorder and anxiety related to the conditions at New Castle County, John Doe was notified by his physician that due to a PTSD and anxiety diagnosis, which she related to his employment at New Castle County, she did not recommend he return to work there.

81.     John Doe was compelled to resign his employment on July 7, 2020, on the basis of his physician's recommendation.

82.     As a result of John Doe's constructive discharge, John Doe suffered the damages stated in Paragraph 50.

83.     This willful, intentional, and unlawful action violates the laws and regulations of the United States, including, without limitation 42 U.S.C. § 2000e, *et seq.*

## COUNT VI – RETALIATION
### (TITLE VII – AGAINST DEFENDANT NEW CASTLE COUNTY)

84.     Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

85.     John Doe notified representatives of New Castle County, including employees in its human resources department, that Kratzer was sexually harassing him at work.

86.     John Doe provided documentation from his health care provider that he should not work due to anxiety and PTSD.

87.     The County did not offer a transfer of position to John Doe and instead insisted that he must remain with his harasser.

88.     As a result of this retaliation by New Castle County, John Doe suffered the damages stated in Paragraph 50.

89.     This willful, intentional, and unlawful action violates the laws and regulations of the United States, including, without limitation 42 U.S.C. § 2000e, *et seq.*

## COUNT VII – FAILURE TO ACCOMMODATE
### (ADA – AGAINST DEFENDANT NEW CASTLE COUNTY)

90.     Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

91.     Post-traumatic stress disorder and anxiety are "disabilities" under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

92.     After John Doe provided medical documentation to New Castle County, they did not offer a reasonable accommodation to avoid being around his harasser even though his harasser caused or contributed to John Doe's post-traumatic stress disorder and anxiety.

93.     As a result of this failure to accommodate by New Castle County, John Doe suffered the damages stated in Paragraph 50.

94.     This willful, intentional, and unlawful action violates the laws and regulations of the United States, including, without limitation 42 U.S.C. § 12101, *et seq.*

### COUNT VIII – FIRST AMENDMENT RETALIATION (SEXUAL HARASSMENT) (AGAINST DEFENDANT NEW CASTLE COUNTY)

95.     Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

96.     At all times relevant, Defendant New Castle County was acting under the color of state law.

97.     John Doe raised concerns that he was being called a "firehouse fag" or a "firehouse faggot."

98.     As Defendant New Castle County is county government in Delaware, this report of sexual harassment was of public concern.

99.     As a result of complaining about sexual harassment by Herb Coates, John Doe was transferred to work with Kratzer, who, upon information and belief, was known to be incredibly difficult to work with.

100.     Upon information and belief, this transfer was to punish John Doe for raising his concerns about the sexual harassment he suffered.

101.     Given the way John Doe was treated for complaining about the sexual harassment and about safety concerns, *see* Count IX below, Defendant New Castle County had a policy or custom of ignoring complaints of employees that touched on matters of public concern.  New Castle Count acquiesced in the behavior of the members of its maintenance department.  Moreover,

Defendant New Castle County failed to train its employees on how to deal with employee complaints touching on matters of public importance.

102. As a result of this failure to accommodate by New Castle County, John Doe suffered the damages stated in Paragraph 50.

103. Defendant New Castle County's policy or custom of ignoring complaints of employees that touched on matters of public concern is a violation of the First Amendment to the United States Constitution and Article I, Section 5, of the Delaware Constitution through 42 U.S.C. § 1983.

### COUNT IX – FIRST AMENDMENT RETALIATION (SAFETY CONCERNS) (AGAINST DEFENDANT NEW CASTLE COUNTY)

104. Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

105. At all times relevant, Defendant New Castle County was acting under the color of state law.

106. John Doe raised concerns that there were serious safety concerns and safety violations with regard to Defendant New Castle County's maintenance department.

107. As Defendant New Castle County is county government in Delaware, this report of safety concerns was of public concern.

108. As a result of complaining about safety concerns in Defendant New Castle County's maintenance department, John Doe was transferred to work with Kratzer, who, upon information and belief, was known to be incredibly difficult to work with.

109. Upon information and belief, this transfer was to punish John Doe for raising his concerns about safety issues/violations.

110.    Given the way John Doe was treated for complaining about the sexual harassment, *see* Count VIII above, and about safety concerns, Defendant New Castle County had a policy or custom of ignoring complaints of employees that touched on matters of public concern.  New Castle Count acquiesced in the behavior of the members of its maintenance department.  Moreover, Defendant New Castle County failed to train its employees on how to deal with employee complaints touching on matters of public importance.

111.    As a result of this failure to accommodate by New Castle County, John Doe suffered the damages stated in Paragraph 50.

112.    Defendant New Castle County's policy or custom of ignoring complaints of employees that touched on matters of public concern is a violation of the First Amendment to the United States Constitution and Article I, Section 5, of the Delaware Constitution through 42 U.S.C. § 1983.

### COUNT X – WHISTLEBLOWER PROTECTION (19 DEL. C. §§ 1701, *et seq.*) (AGAINST DEFENDANT NEW CASTLE COUNTY)

113.    Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

114.    John Doe complained about unsafe conditions at Defendant's facility because he believed they violated federal, state, or local laws and regulations.

115.    John Doe refused to participate in using equipment he thought would constitute a violation of federal, state, or local laws and regulations.

116.    When John Doe complained and refused to participate in what he believed were unlawful safety activities, he was written up/disciplined in violation of the Delaware Whistleblowers Protection Act, 19 Del. C. §§ 1701, *et seq.*

117.   As a result of New Castle County's retaliatory actions, John Doe suffered the damages stated in Paragraph 50.

118.   When John Doe complained and refused to participate in what he believed were unlawful safety activities, he was transferred to work with Kratzer, who Defendant, upon information and belief, knew was difficult to work with and would make John Doe's working conditions miserable in violation of the Delaware Whistleblowers Protection Act, 19 Del. C. §§ 1701, *et seq.*

## COUNT XI – SUBSTANTIVE DUE PROCESS (SEXUAL ORIENTATION) (AGAINST DEFENDANT COATES)

119.   Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

120.   At all times relevant, Defendant Coates was acting under color of state law.

121.   Defendant Coates sexually harassed John Doe by calling him a "firehouse fag" and "firehouse faggot" based upon stereotypes and/or Defendant Coates' perception of John Doe's sexual orientation.

122.   Sexual orientation (or the perception thereof) and/or sexual orientation stereotypes are a protected characteristic.

123.   As a result of Defendant Coates' sexual harassment of John Doe, John Doe suffered the damages stated in Paragraph 50.

124.   Defendant Coates' actions are a violation of the Fifth Amendment to the United States through 42 U.S.C. § 1983.

**COUNT XII – EQUAL PROTECTION (SEXUAL ORIENTATION)**
**(AGAINST DEFENDANT COATES)**

125.    Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

126.    At all times relevant, Defendant Coates was acting under color of state law.

127.    Defendant Coates sexually harassed John Doe by calling him a "firehouse fag" and "firehouse faggot" based upon stereotypes and/or Defendant Coates' perception of John Doe's sexual orientation.

128.    Sexual orientation (or the perception thereof) and/or sexual orientation stereotypes are a protected characteristic.

129.    Upon information and belief, Defendant Coates did not call other employees "fags" or "faggots"

130.    As a result of Defendant Coates' sexual harassment of John Doe, John Doe suffered the damages stated in Paragraph 50.

131.    Defendant Coates' actions are a violation of the Fourteenth Amendment to the United States through 42 U.S.C. § 1983.

**COUNT XIII – SUBSTANTIVE DUE PROCESS (SEXUAL ORIENTATION)**
**(AGAINST DEFENDANT KRATZER)**

132.    Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

133.    At all times relevant, Defendant Kratzer was acting under color of state law.

134.    Defendant Kratzer sexually harassed John Doe by sexually assaulting him on numerous occasions and by telling him that he wanted to "stick his dick" in John Doe's butt and "cum all over" John Doe's face.

135.    Sexual orientation (or the perception thereof) and/or sexual orientation stereotypes are a protected characteristic.

136.    As a result of Defendant Kratzer's sexual harassment of John Doe, John Doe suffered the damages stated in Paragraph 50.

137.    Defendant Kratzer's actions are a violation of the Fifth Amendment to the United States through 42 U.S.C. § 1983.

### COUNT XIV – SUBSTANTIVE DUE PROCESS (RACE & NATIONAL ORIGIN) (AGAINST DEFENDANT KRATZER)

138.    Plaintiff reincorporates all of the foregoing assertions as if they are specifically stated in this Count.

139.    At all times relevant, Defendant Kratzer was acting under color of state law.

140.    Defendant Kratzer made racial and ethnic slurs to and in front of John Doe based upon the fact that John Doe was married to a woman of color.

141.    Race and national origin are protected characteristics.

142.    As a result of Defendant Kratzer's racial and ethic/national origin harassment of John Doe, John Doe suffered the damages stated in Paragraph 50.

143.    Defendant Kratzer's actions are a violation of the Fifth Amendment to the United States through 42 U.S.C. § 1983.

[THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY]

**WHEREFORE** Plaintiff John Doe respectfully requests this Court:

A.      Enter judgment in his favor and jointly and severally against the Defendants New

Castle County, Herbert F. Coates, and Garrett C. Kratzer;

B.      Award him back pay and front pay as he can prove;

C.      Award him compensatory damages;

D.      Award him special damages as he can prove;

E.      Award him costs and attorneys' fees;

F.      Award him pre- and post-judgment interest; and

G.      Grant such other relief as the Court deems appropriate.

**MURPHY & LANDON**

 /s/ Lauren A. Cirrinicione
Lauren A. Cirrinicione, Esq. (DE Bar 5089)
1011 Centre Road, Suite 210
Wilmington, DE  19805
(t) 302-472-8101
(f) 302-472-8135
lcirrinicione@msllaw.com
*Attorney for Plaintiff*

DATE:  October 14, 2021

**JACOBS & CRUMPLAR, P.A.**

 /s/ Patrick C. Gallagher
Patrick C. Gallagher, Esq. (DE Bar 5170)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
(t) 302-656-5445
(f) 302-656-5875
pat@jcdelaw.com
*Attorney for Plaintiff*

DATE:  October 14, 2021