**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO. 1:21-CV-01450-RGA |
| | ) | |
| NEW CASTLE COUNTY, | ) | |
| HERBERT F. COATES, in his individual | ) | |
| capacity, and GARRETT C. KRATZER, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NEW CASTLE COUNTY OFFICE OF LAW**
Mary A. Jacobson (No. 3508)
E-mail: mary.jacobson@newcastlede.gov
Helene Episcopo (No. 6406)
E-mail: helene.episcopo@newcastlede.gov
New Castle County Government Center
87 Reads Way
New Castle, DE 19720
Telephone: (302) 395-5130
*Attorneys for Defendants*

Dated: January 7, 2022

**Table of Contents**

Page

I.      NATURE AND STAGE OF PROCEEDINGS……………………………………………...1

II.     SUMMARY OF THE ARGUMENT……………………………………………………...1

III.    FACTUAL BACKGROUND………………………………………………………………2

IV.     ARGUMENT…………………………………………………………………………...3

  A.  Standard of Review……………………………………………………………………..3

  B.  Plaintiff's American's With Disabilities Act Claim (Count VII) Fails
      As A Matter Of Law For Failure to Exhaust Administrative Remedies………………….4

  C.  Plaintiff's Retaliation Claims (Counts I and VI) Fail As A Matter Of Law……………..4

      1. Count I: Plaintiff Failed To Plead A Prima Facie Case Of Retaliation…………….......5

      2. Count VI: Plaintiff Failed To Plead A Prima Facie Case Of Retaliation………………..6

  D.  Plaintiff's Section 1983 *Monell* Claims (Counts VIII and IX) Fail………………………...7

  E.  Plaintiff's First Amendment Retaliation Claims (Count VIII and IX)
      Fail As A Matter of Law………………………………………………………………...8

      1.  The County Did Not Take Any Retaliatory Action Against Plaintiff…………………..9

      2.  Plaintiff Did Not Speak As A Citizen involving Matters Of Public Concern…………10

  F.  Plaintiff's Hostile Work Environment Claims Fail As A Matter Of Law
      (Counts II, III, and IV)…………………………………………………………………...12

      1.  Plaintiff Cannot Demonstrate Respondeat Superior Liability………………………..12

      2.  Plaintiff's Hostile Work Environment Claims Based On Sex And Gender
          Should Be Dismissed (Counts III and Count IV)…………………………………….13

  G.  Plaintiff Failed To Allege Facts To Demonstrate Defendants Kratzer and Coates
      Acted Under Color Of State Law (Counts XI-XIV)……………………………………...14

  H.  Coates and Kratzer are Entitled to Qualified Immunity…………………………………15

  I.   Plaintiff Failed To Plead Facts To Support A Constructive Discharge Claim…………….16

  J.   Plaintiff Failed To Plead Facts To Support A Claim Under The
      Delaware Whistleblowers Protection Act (Count X)…………………………………….17

V.      CONCLUSION………………………………………………………………………….19

i

## <u>Table of Authorities</u>

PAGE

### <u>CASES</u>

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................3, 4

*Barkauskie v. Indian River School District*,
  951 F. Supp. 519 (D. Del. 1996)........................................................................14

*Bell Atlantic Corp. v, Twombly*,
  550 U.S. 544 (2007)..........................................................................................3, 13

*Chance v. Kraft Heinz Foods Co.*,
  2018 WL 6655670 (Del. Super. Ct. Dec. 17, 2018) .............................................18

*Culler v. Secretary of U.S. Veterans Affairs*,
  507 F. App'x 246 (3d Cir. 2012)....................................................................6, 13, 19

*Daoud v. City of Wilmington*,
  894 F. Supp. 2d 544 (D. Del. 2012)......................................................................4

*Dickerson v. Keypoint Government Solutions, Inc.*,
  2017 WL 3034720 (D. Del. July 18, 2017) ...........................................................5

*El v. Cook*,
  2018 WL 503252 (D. Del. Jan. 22, 2018)..............................................................3

*Fender v. Smith*,
  2016 WL 4488184 (D. Del. Aug. 25, 2016) ........................................................8, 9

*Garcetti v. Ceballos*,
  547 U.S. 410 (2006)..............................................................................................10

*Gibbs v. Coupe*,
  2015 WL 6870033 (D. Del. Nov. 6, 2015) ...........................................................16

*Gillespie v. Hocker*,
  249 F. Supp. 3d 785 (D. Del. 2017)......................................................................14

*Gorum v. Sessoms*,
  561 F.3d 179 (3d Cir. 2009)..................................................................................8

*Hanewinckel v. Appelbaum*,
  2016 WL 5661983 (D. Del. Sept. 29, 2016)...........................................................7

*Hemphill v. City of Wilmington*,
   813 F. Supp. 2d 581 (D. Del. 2011) ........................................................................................12

*Jordan v. Staffing Plus, Inc.*,
   315 F. Supp. 3d 844 (E.D. Pa. 2018) ......................................................................................14

*Kade v. Workie*,
   238 F. Supp. 3d 625 (D. Del. 2017) ........................................................................................14

*Keeton v. Board of Education of Sussex Technical School District*,
   2016 WL 5938699 (D. Del. Oct. 12, 2016) ............................................................................10

*Malley v. Briggs*,
   475 U.S. 335, 341 (1986) ........................................................................................................16

*McCullough v. Gateway Health LLC*,
   2021 WL 4284582 (D. Del. Sept. 21, 2021) ..........................................................5, 7, 16, 18

*McTernan v. City of York, PA,,*
   564 F.3d 636 (3d Cir. 2009) ......................................................................................................7

*Middleton v. Deblasis*,
   844 F.Supp.2d 556 (E.D. Pa. 2011) ........................................................................................11

*Miles v. City of Philadelphia*,
   2011 WL 4389601 (E.D. Pa. Sept. 21, 2011) ........................................................................11

*Mondero v. Lewes Surgical & Medical Associates P.A.*,
   2016 WL 6562037, at *2 (D. Del. Nov. 3, 2016) ..................................................................4, 5

*Monell v. Dep't of Social Services of City of N.Y.*,
   436 U.S. 658 (1978) ...................................................................................................................7

*Moore v. City of Philadelphia*,
   461 F.3d 331 (3d Cir. 2006) ......................................................................................................4

*Morris v. Philadelphia Housing Authority*,
   487 F. App'x 37, 39 (3d Cir. 2012) .....................................................................................9, 10

*Oden v. Septa*,
   137 F.Supp.3d 778 (E.D. Pa. 2015) ........................................................................................11

*Parker v. School District of Philadelphia*,
   346 F. Supp. 3d 738, 746 (E.D. Pa 2018) ................................................................................7

*Pennsylvania State Police v. Suders*,
    542 U.S. 129 (2004)....................................................................................16, 17

*Rizzitiello v. McDonald's Corp.*,
    868 A.2d 825 (Del. 2005) ...................................................................16

*Roadman v. Select Specialty Hosp.*,
    2017 WL 4236581 (W.D. Pa. Sept. 22, 2017)........................................16, 17

*Rogers v. Delaware, Department of Public Safety/DMV*,
    541 F. Supp. 2d 623 (D. Del. 2008).........................................................6

*Smiley v. Daimler Chrysler*,
    538 F.Supp.2d 711 (D. Del. 2008)............................................................3

*Starnes v. Butler Cty. Ct. of Common Pleas, 50th Jud. Dist.*,
    971 F.3d 416, 429 (3d Cir. 2020)............................................................9

*Stella v. Department of Education*,
    367 F. Supp. 3d 235 (D. Del. 2019).........................................................11

*Subh v. Wal-Mart Stores Inc.*,
    2009 WL 4015649 (D. Del. Nov. 19, 2009) ............................................4

*Thomas v. Cumberland Cty.*,
    749 F.3d 217 (3d Cir. 2014)....................................................................8

## STATUTES AND RULES

42 U.S.C. § 2000c-3(a) ...............................................................................4

Defendants, New Castle County (the "<u>County</u>"), Garrett Kratzer ("<u>Kratzer</u>"), and Herbert Coates ("<u>Coates</u>") (collectively referred to as "<u>Defendants</u>"), respectfully submit this brief in support of their motion (the "<u>Motion</u>") for entry of an order dismissing certain claims of Plaintiff John Doe ("<u>Plaintiff</u>" or "<u>Doe</u>") against Defendants in his Complaint [D.I. 5] (the "<u>Complaint</u>" or "<u>Compl</u>.") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed the Complaint on October 14, 2021, asserting the following claims against Defendants:

- Count I - Retaliation (Title VII- Against Defendant New Castle County)
- Count II - Hostile Work Environment Based Upon Race and National Origin (Title VII - Against Defendant New Castle County)
- Count III - Hostile Work Environment Based Upon Gender (Title VII - Against Defendant New Castle County)
- Count IV - Hostile Work Environment Based Upon Sex and Sexual Orientation (Title VII - Against Defendant New Castle County)
- Count V- Constructive Discharge (Title VII - Against Defendant New Castle County)
- Count VI - Retaliation (Title VII- Against New Castle County)
- Count VII - Failure To Accommodate (ADA - Against Defendant New Castle County)
- Count VIII - First Amendment Retaliation (Sexual Harassment) (Against Defendant New Castle County)
- Count IX - First Amendment Retaliation (Safety Concerns) (Against Defendant New Castle County)
- Count X - Whistleblower Protection (19 *Del. C.* §§ 1701, *et. seq.*) (Against Defendant New Castle County)
- Count XI - Substantive Due Process (Sexual Orientation) (Against Defendant Coates)
- Count XII - Equal Protection (Sexual Orientation) (Against Defendant Coates)
- Count XIII - Substantive Due Process (Sexual Orientation) (Against Defendant Kratzer)
- Count XIV - Substantive Due Process (Race & National Origin) (Against Defendant Kratzer)

This is the County's brief in support of their Motion to Dismiss the Complaint.

## II.    SUMMARY OF THE ARGUMENT

(1) Plaintiff's Americans With Disabilities Act claim fails because he did not exhaust administrative remedies (Count VII).

(2) Plaintiff did not plead a *prima facie* case of retaliation (Counts I and VI).

(3) Plaintiff fails to properly allege section 1983 *Monell* claims (Counts VIII and IX).

(4) Plaintiff's First Amendment retaliation claims fail as a matter of law (Count VIII and IX).

(5) Plaintiff's hostile work environment claims fail as a matter of law (Counts II, III, and IV).

(6) Plaintiff failed to allege facts to demonstrate that Defendants Kratzer and Coates acted under color of state law (Counts XI-XIV).

(7) Coates and Kratzer are entitled to qualified immunity (Counts XI-XIV).

(8) Plaintiff failed to plead facts to support a constructive discharge claim (Count V).

(9) Plaintiff failed to plead facts to support a claim under the Delaware Whistleblowers Protection Act (Count X).

## III.    FACTUAL BACKGROUND

Plaintiff, a former County employee, began his brief employment relationship with the County on October 21, 2019 as a "Trades Helper" in the Department of Public Works.[1]  Plaintiff was assigned to work with Coates on or about December 19, 2019.[2]  Plaintiff was subsequently reassigned to work with Krazter.[3]  On or about January 24, 2020, without notifying the County, Plaintiff filed a report with the New Castle County Police regarding allegations of harassment against Krazter.[4]  As soon as the County became aware of the report, the County investigated the matter.[5]    Ultimately,  the  allegations  of  harassment  against  Krazter  were  found  to  be

---

[1] Compl. ¶ 5, 16.

[2] *Id.* ¶ 19.

[3] *Id.* ¶ 23.

[4] *Id.* ¶¶ 39, 40.

[5] *Id.* ¶ 41.

unsubstantiated.[6]  Following Plaintiff's January 24, 2020 report to the police, Plaintiff did not

return to work.[7]  After being on medical leave since January 24, 2020, Plaintiff resigned from his

employment with the County on July 7, 2020.[8]  Plaintiff filed a Charge of Discrimination with the

United States Equal Employment Opportunity Commission ("EEOC") on September 25, 2020.

*See* Ex. A.  On January 15, 2021, Plaintiff filed an Amended Charge of Discrimination (the

"Charge").  *See* Ex. B.  On October 14, 2021 Plaintiff filed his Complaint before this Honorable

Court. [D.I. 5].  The County, Kratzer, and Coates move to dismiss Plaintiff's Complaint.

## IV.    ARGUMENT

### A.  Standard of Review.

In considering a motion to dismiss pursuant to Rule 12(b)(6), "the court accepts all factual

allegations as true, construes the complaint in the light most favorable to the plaintiff, and

determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief."[9]

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts sufficient

"to raise a right to relief above the speculative level on the assumption that all of the complaint's

allegations are true."[10]  A complaint must contain factually plausible averments that the alleged

wrongdoing occurred and that there is "more than the mere possibility of misconduct."[11]  "A claim

---

[6] *Id.* ¶ 46.

[7] *Id.*  ¶ 42.

[8] *Id.* ¶¶ 42, 48, 81.

[9] *El v. Cook*, 2018 WL 503252, at *1 (D. Del. Jan. 22, 2018) (citation omitted).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

**B.  Plaintiff's Americans With Disabilities Act Claim (Count VII) Fails As A Matter Of Law For Failure To Exhaust Administrative Remedies.**

Plaintiff failed to exhaust his administrative remedies regarding his Americans with Disabilities Act ("ADA") failure to accommodate claim.  "Title VII requires exhaustion of administrative remedies prior to filing suit in federal court."[13]  "The same administrative requirements are prerequisites to asserting a private cause of action under the ADA."[14]  "The test for determining whether a plaintiff has exhausted his administrative remedies regarding specific claims is 'whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'"[15]

Plaintiff did not allege ***any*** disabilities claims in his Charge.  *See* Ex. A; Ex. B.  Thus, Count VII should be dismissed for Plaintiff's failure to exhaust administrative remedies.

**C.  Plaintiff's Retaliation Claims (Counts I and VI) Fail As A Matter Of Law.**

Plaintiff failed to establish a *prima facie* retaliation claim under Title VII (Counts I and VI).  Title VII provides that "[i]t shall be unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this sub chapter . . ."[16]  To establish a *prima facie* case

---

[12] *Ashcroft*, 556 U.S. 662 at 678 (citations omitted).

[13] *Subh v. Wal-Mart Stores Inc.*, 2009 WL 4015649, at *5 (D. Del. Nov. 19, 2009) (citations omitted), *report and recommendation adopted*, 2010 WL 1286183 (D. Del. Mar. 31, 2010), *aff'd,* 386 F. App'x 31 (3d Cir. 2010).

[14] *Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 552 (D. Del. 2012) (citations omitted).

[15] *Id.* at 553 (citing *Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 719-20 (D. Del. 2008)).

[16] *Mondero v. Lewes Surgical & Med. Assocs. P.A.*, 2016 WL 6562037, at *2 (D. Del. Nov. 3, 2016) (citing 42 U.S.C. § 2000c-3(a)).

of retaliation under Title VII, Plaintiff must show: (1) he engaged in activity protected by Title VII; (2) the County took an adverse employment action against him; and (3) there was a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.[17]  "An 'adverse employment action' is 'an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.' "[18]  "There must be 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"[19]

### 1.  Count I: Plaintiff Failed To Plead A *Prima Facie* Case Of Retaliation.

Plaintiff did not demonstrate an adverse employment action or causal connection between the protected activity and the alleged retaliation, and thus his retaliation claim (Count I) fails as a matter of law.  The actions outlined in Count I of Plaintiff's Complaint do not rise to the level of an adverse employment action.[20]  Plaintiff alleges that after he "voiced his concerns" he was "re-assigned to work with Kratzer."[21]  "While reassignment *can* be an adverse action, it must come with 'significantly different responsibilities'" or impact Plaintiff's benefits.[22]  Plaintiff has not

---

[17] *See id.* (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)).

[18] *McCullough v. Gateway Health LLC*, 2021 WL 4284582, at *12 (D. Del. Sept. 21, 2021) (citations and internal quotes omitted).

[19] *Id.* (citation omitted).

[20] *See* Compl. ¶¶ 51-55.

[21] *Id.* ¶ 52.

[22] *See Dickerson v. Keypoint Gov't Sols., Inc.*, 2017 WL 3034720, at *6 (D. Del. July 18, 2017), *report and recommendation adopted,* 2017 WL 5755099 (D. Del. Nov. 28, 2017).

alleged any such change accompanying the reassignment,[23] and therefore Count I should be dismissed.

Further, there is no evidence of a causal connection between the alleged protected activity and Plaintiff's reassignment. "Causation, in a retaliation case, may be demonstrated through: (1) antagonism or retaliatory animus toward plaintiff; (2) the temporal proximity between the protected activity and adverse employment action; or (3) evidence of retaliatory animus in the intervening period between the protected activity and allegedly retaliatory conduct when temporal proximity is lacking."[24] Plaintiff's Complaint is void of anything but conclusory allegations that Plaintiff "may have been paired with Kratzer in retaliation"[25] for voicing his concerns. Conclusory allegations and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.[26] Count I should be dismissed for Plaintiff's failure to plead a *prima facie* case of retaliation.

### 2. Count VI: Plaintiff Failed To Plead A *Prima Facie* Case Of Retaliation.

Plaintiff's retaliation claim (Count VI) also fails as a matter of law. Count VI of Plaintiff's Complaint does not allege that he was subject to any adverse employment action.[27] The County's alleged failure to "offer a transfer of position"[28] is not an adverse employment action under Title VII. "An 'adverse employment action' is 'an action by an employer that is serious and tangible

---

[23] *See* Compl. ¶¶ 51-55.

[24] *Rogers v. Delaware, Dep't of Pub. Safety/DMV*, 541 F. Supp. 2d 623, 627 (D. Del. 2008) (citation omitted).

[25] Compl. ¶ 23.

[26] *See Culler v. Sec'y of U.S. Veterans Affs.*, 507 F. App'x 246, 249 (3d Cir. 2012) (citation omitted).

[27] *See* Compl. ¶¶ 84-89.

[28] *Id.* ¶ 87.

enough to alter an employee's compensation, terms, conditions, or privileges of employment.'"[29] As the County did not take any "action" as alleged in Count VI, let alone an adverse employment action, Count VI should be dismissed for Plaintiff's failure to plead a *prima facie* case of retaliation.

**D. Plaintiff Fails To Properly Allege Section 1983 *Monell* Claims (Counts VIII and IX).**

Count VIII and Count IX do not state a facially plausible claim under *Monell v. Dep't of Social Services of City of N.Y.*, 436 U.S. 658 (1978) against the County. Thus, Counts VII and IX should be dismissed.

Plaintiff alleges that the County retaliated against him for exercising his rights pursuant to the First Amendment. "When a local government is a defendant in a § 1983 case, [p]laintiffs must show that the 'execution of a local government's policy or custom ... inflicted the injury' in question."[30] Plaintiff has not alleged that the County had a policy or custom of retaliating against the Plaintiff or other employees who exercise their First Amendment rights. Plaintiff vaguely alleges that the County "had a policy or custom of ignoring complaints of employees that touched on matters of public concern" and the County "failed to train its employees on how to deal with employee complaints touching on matters of public importance."[31] Simply reciting the elements of a *Monell* claim is insufficient to state a claim.[32]

---

[29] *McCullough*, 2021 WL 4284582, at *12 (citations and internal quotes omitted).

[30] *Hanewinckel v. Appelbaum*, 2016 WL 5661983, at *5 (D. Del. Sept. 29, 2016) (citing *Monell v. Dep't of Social Services of City of N.Y.*, 436 U.S. 658, 694 (1978)).

[31] Compl. ¶¶ 101 110.

[32] *See, e.g., McTernan v. City of York, PA*, 564 F.3d 636, 659 (3d Cir. 2009) (finding that the plaintiff's complaint "simply paraphrases § 1983" and that such "[f]ormulaic recitation of the elements of a cause of action will not do"). "Without factual allegations supporting plaintiff's claim that there was an adopted policy, the claim must be dismissed." *Parker v. Sch. Dist. of Philadelphia*, 346 F. Supp. 3d 738, 746 (E.D. Pa 2018) (citing *Burke v. Twp. of Cheltenham*, 742 F. Supp. 2d 660, 675 (E.D. Pa. 2010)).

Similarly, to the extent that Plaintiff is alleging a failure to train claim under *Monell*, these claims must be dismissed. To state such a claim, Plaintiff must show that the "failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact."[33] The "deficiency in a city's training program must be closely related to the ultimate injury; or in other words that ***deficiency in training must have actually caused the constitutional violation***."[34] To show deliberate indifference, Plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees" to put "municipal decisionmakers on notice that a new program is necessary, and their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees."[35] Causation "focuses on whether 'the injury could have been avoided had the employee been trained under a program that was not deficient in the identified respect'."[36] Plaintiff has not alleged any facts to infer that the County has failed to train its employees under *Monell*, nor demonstrated a pattern of similar constitutional violations by untrained employees. Accordingly, Count VIII and Count IX should be dismissed.

**E. Plaintiff's First Amendment Retaliation Claims (Count VIII and IX) Fail As A Matter of Law.**

Plaintiff's First Amendment retaliation claims (Count VIII and Count IX) fail as a matter of law. "The First Amendment bars retaliation for protected speech."[37] "To prevail on a First Amendment retaliation claim, a public employee must demonstrate that (1) he or she engaged in activity that is protected by the First Amendment, and (2) the protected activity was a substantial

---

[33] *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014).

[34] *Id.* (emphasis added).

[35] *Id.* at 223.

[36] *Id.*

[37] *Fender v. Smith*, 2016 WL 4488184, at *3 (D. Del. Aug. 25, 2016).

factor in retaliatory action by the employer."[38]  "A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public."[39]

### 1. The County Did Not Take Any Retaliatory Action Against Plaintiff.

Count VIII and Count IX should be dismissed because Plaintiff has failed to allege facts showing that the County took any retaliatory action against the Plaintiff.  "If an employer's act substantially decreases an employee's earning potential and causes significant disruption in his or her working conditions, a tangible adverse employment action may be found."[40]  A "[r]etaliatory action typically relates to 'promotion, transfer, recall and hiring, based on the exercise of an employee's First Amendment rights.'"[41]  In Count VIII, Plaintiff alleges that "[a]s a result of complaining about sexual harassment by Herb Coates, [Plaintiff] was transferred to work with Kratzer, who, upon information and belief, was known to be incredibly difficult to work with."[42]  Similarly, in Count IX, Plaintiff reiterates his formulaic allegation that "[a]s a result of complaining about safety concerns . . .[Plaintiff] was transferred to work with Krazter, who, upon information and belief, was known to be incredibly difficult to work with."[43]

---

[38] *Morris v. Philadelphia Hous. Auth.*, 487 F. App'x 37, 39 (3d Cir. 2012) (citing *Gorum v. Sessoms,* 561 F.3d 179, 184 (3d Cir. 2009)).

[39] *Starnes v. Butler Cty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 429 (3d Cir. 2020) (internal quotations & citations omitted).

[40] *Fender*, 2016 WL 4488184, at *4 (citation omitted).

[41] *Id.* (citations omitted).

[42] Compl. ¶ 99.

[43] *Id*. ¶ 108.

Aside from Plaintiff's bare allegations that his reassignment to work with Kratzer was retaliatory, Plaintiff's Complaint fails to present any evidence that the transfer was a retaliatory action against Plaintiff for exercising his First Amendment Rights.  Rather, Plaintiff's Complaint demonstrates that he was assigned to work with Kratzer after Plaintiff and Coates were involved in an altercation.[44]  Any suggestion that Plaintiff's reassignment was retaliatory is merely a conclusory allegation by Plaintiff.  Thus, Count VIII and Count IX should be dismissed.

## 2. Plaintiff Did Not Speak As A Citizen Involving Matters Of Public Concern.

Counts VIII and IX should be dismissed because Plaintiff was not speaking as a citizen on a matter of public concern.  "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."[45]  The Third Circuit has held that "complaints up the chain of command about issues related to an employee's workplace duties—for example, possible safety issues or misconduct by other employees—are within an employee's official duties", and thus not protected by the First Amendment.[46]  Here, Plaintiff alleges that he was retaliated against for reporting sexual harassment[47] and safety concerns.[48]  As Plaintiff alleges he was retaliated against for reporting possible safety issues and misconduct by other employees, he was making statements pursuant to his official duties.

---

[44] Compl. ¶¶ 19-23.

[45] *Keeton v. Bd. of Educ. of Sussex Tech. Sch. Dist.*, 2016 WL 5938699, at *4 (D. Del. Oct. 12, 2016) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)).

[46] *Morris.*, 487 F. App'x 37 at 39.

[47] Compl. ¶¶ 95-103.

[48] *Id*. ¶¶ 104-112.

Even assuming Plaintiff spoke "as a citizen" for purposes of this Motion, Counts VIII and IX are devoid of any allegations that Plaintiff's speech was a matter of public concern. Plaintiff alleges that his First Amendment rights were violated when he reported alleged sexual harassment.[49] "In certain instances, 'a complaint by an employee about sexual harassment can constitute a matter of public concern,' such as where the complaint raises 'implications about public performance or the process of self-governance'."[50] This is not the case here. Plaintiff's complaint about Coates alleged statement did not seek to "advance a political or social point of view beyond the employment context."[51] Rather, Plaintiff's allegations – even viewed in a light most favorable to him – "pertain only to conduct directed towards [P]laintiff and were made to advance only [his] own interests."[52]

Similarly, Plaintiff's report of safety concerns are not a matter of public concern. A matter of public concern is "considered as relating to any matter of political, social, or other concern to the community."[53] Plaintiff's report of alleged safety concerns at the New Castle County Maintenance Department are not matters related to political, social, or other concerns to the

---

[49] *Id.* ¶ 97.

[50] *Miles v. City of Philadelphia*, 2011 WL 4389601, at *4 (E.D. Pa. Sept. 21, 2011) (citations omitted).

[51] *Id.* (citation omitted). *See also* Compl. ¶¶ 22, 95-103.

[52] *Id. See also Middleton v. Deblasis*, 844 F.Supp.2d 556, 564-65 (E.D. Pa. 2011) (finding that the plaintiff's claims of sexual harassment did not amount to a matter of public concern); *Oden v. Septa*, 137 F.Supp.3d 778, 794 (E.D. Pa. 2015) (finding that the plaintiff "only [spoke] of an employment grievance involving her, and not challenging a matter of public concern"). *See also* Compl. ¶¶ 22, 95-103.

[53] *Stella v. Dep't of Educ.*, 367 F. Supp. 3d 235, 249 (D. Del. 2019) (citation omitted).

11

community.[54]   Rather, each report by Plaintiff related solely to Plaintiff's workplace and employment grievances.[55]  For the reasons stated above, Counts VIII and IX should be dismissed.

### F. Plaintiff's Hostile Work Environment Claims Fail As A Matter Of Law (Counts II, III, and IV).

To succeed on a hostile work environment claim, Plaintiff must demonstrate that: (1) he suffered intentional discrimination because of a protected status; (2) the discrimination was severe or pervasive; (3) he was detrimentally affected by the discrimination; (4) the discrimination would detrimentally affect a reasonable person in his position; and (5) respondeat superior liability exists.[56]

#### 1. Plaintiff Cannot Demonstrate Respondeat Superior Liability.

Counts II, III, and IV should be dismissed because Plaintiff failed to report the incidents and there is no indication that the County was aware of the alleged harassment by Kratzer.  "Where the hostile work environment is allegedly created by a plaintiff's co-workers or subordinates, the 'employer is not always liable.'"[57]  "Employer liability exists only if the plaintiff demonstrates 'the employer failed to provide a reasonable avenue for complaint, or, if the employer was aware of the alleged harassment, that it failed to take appropriate remedial action.'"[58]

Here, Plaintiff has not plead that the County failed to provide a reasonable avenue for complaint.  Similarly, Plaintiff readily admits that he did not report any of the allegations against

---

[54] Compl. ¶¶ 17, 104-112.

[55] *Id.*

[56] *See Hemphill v. City of Wilmington*, 813 F. Supp. 2d 581, 587–88 (D. Del. 2011) (citations omitted).

[57] *Id.* at 588 (citation omitted).

[58] *Id*.

Kratzer to the County.[59]  Rather, Plaintiff bypassed the County's reporting procedures and reported certain allegations to the New Castle County Police.[60]  Plaintiff's Complaint makes clear that as soon as the County became aware of Plaintiff's report to the police, the County internally investigated the matter.[61]  Plaintiff baldly asserts that the County "should have known" about the alleged harassment,[62] but he fails to plead any facts to support this claim.  Thus, the Court cannot infer from the Complaint that the County was aware of the alleged harassment by Kratzer against Plaintiff.  Counts II, III, and IV should therefore be dismissed.

> **2. Plaintiff's Hostile Work Environment Claims Based on Gender and Sex Should Be Dismissed (Count III and Count IV).**

"To prevail on a hostile work environment claim, a plaintiff must show that his workplace was 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.'"[63]  The Plaintiff must show that the discrimination was  "'because of' the employee's protected status or activity."[64]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[65]  "That requires 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"[66]

---

[59] Compl. ¶¶ 32, 33, 35, 40.

[60] *Id.* ¶ 39.

[61] *Id.* ¶¶ 41-46.

[62] *Id.* ¶¶ 22, 24, 25, 26, 29.

[63] *Culler*, 507 F. App'x 246 at 249 (citation omitted).

[64] *Id.* (citation omitted).

[65] *Id.* (citations omitted).

[66] *Id.* (citing *Twombly*, 550 U.S. at 555).

Plaintiff failed to allege facts establishing that the discrimination he alleges was because of his gender and sex.  In Count III Plaintiff claims that "[b]ased upon the actions of Mr. Kratzer, it is reasonable to believe that he thought [Plaintiff] was a homosexual and was intentionally discriminating against [Plaintiff] on that basis."[67]  Similarly, in Count IV, Plaintiff alleges that he "suffered intentional discrimination by Kratzer while employed at New Castle County because it was perceived that his sex and sexual orientation did not conform to the stereotypes of his gender and that he was a homosexual despite his marriage to a woman."[68]  Aside from these bare assertions, Plaintiff has offered no other sufficient factual allegations to state a plausible claim that the discrimination was because of any protected status.  "Courts have repeatedly held that such bare assertions of subjective belief are insufficient to establish an inference of discrimination."[69]  Thus, Counts III and IV should be dismissed.

### G. Plaintiff Failed To Allege Facts To Demonstrate Defendants Kratzer and Coates Acted Under Color of State Law (Counts XI-XIV).

Plaintiff asserts three substantive due process claims and one equal protection claim (Counts XI-XIV).  "A *prima facie* case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or  territorial law."[70]  "To prove  a substantive due process claim under 42 U.S.C. § 1983, a plaintiff must show that defendant, acting under the color of state law, interfered with a constitutionally protected liberty or property interest."[71]  "The requirement that

---

[67] Compl. ¶ 65.

[68] Compl. ¶ 72.

[69] *Jordan v. Staffing Plus, Inc.*, 315 F. Supp. 3d 844, 847 (E.D. Pa. 2018) (citations omitted).

[70] *Kade v. Workie*, 238 F. Supp. 3d 625, 632 (D. Del. 2017) (citation omitted).

[71] *Gillespie v. Hocker*, 249 F. Supp. 3d 785, 789 (D. Del. 2017) (citations omitted).

14

the defendant act under color of state law is frequently satisfied by the actor's status as a state employee.  However under color of law is not satisfied if the act complained of is not committed through abuse of state-supplied power."[72]

A "private tort is not committed under color of law simply because the tortfeasor is an employee of the state."[73]  Instead, the act must involve "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[74]  This Court has held that "sexual harassment of one state employee by her co-workers falls on the side of personal pursuits rather than acts under color of law."[75]  The acts "taken under color of state law must be related to the state authority conferred on the actor, even though the actions are not actually permitted by the authority."[76]

Here, Plaintiff's substantive due process claim cannot survive a motion to dismiss.  Aside from Plaintiff's conclusory allegations that Defendants Coates and Kratzer were acting under state law,[77] Plaintiff failed to demonstrate that the acts were more than personal pursuits.  Plaintiff has also failed to plead that any acts by Kratzer or Coates were related to the state authority conferred on them.  Accordingly, the Court should dismiss Counts XI, XII, XIII, and XIV.

**H.  Coates and Kratzer Are Entitled To Qualified Immunity.**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[72] *Barkauskie v. Indian River Sch. Dist.*, 951 F. Supp. 519, 540 (D. Del. 1996).

[73] *Id.* at 541  (citations omitted).

[74] *Id.*

[75] *Id.* (citation omitted).

[76] *Id.* (citation omitted).

[77] *See* Compl. ¶¶ 120, 126, 133, 139.

15

rights of which a reasonable person would have known."[78]    Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[79] As Plaintiff has failed to establish that Kratzer and Coates violated clearly established statutory or constitutional rights, Defendants Coates and Kratzer are entitled to qualified immunity on Counts XI-XIV.

## I.  Plaintiff Failed to Plead Facts To Support A Constructive Discharge Claim (Count V).

Plaintiff failed to allege facts which raise a plausible inference of constructive discharge. A plaintiff can plead a constructive discharge claims where "acts of discrimination in violation of Title VII can make working conditions so intolerable that a reasonable employee would be forced to resign"[80]  "We need not find an employer's specific intent to bring about the discharge. We 'need merely find that the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign.'"[81]  "Something more than a hostile work environment is required."[82]  "Constructive discharge represents a 'worse case' harassment scenario, harassment ratcheted up to the breaking point."[83]  "An employer may defend against such a claim by showing both (1) that it had installed a readily accessible and effective policy for reporting and resolving complaints of sexual harassment, and (2) that the plaintiff unreasonably failed to avail herself of that employer-provided preventive or remedial

---

[78] *Gibbs v. Coupe*, 2015 WL 6870033, at *2 (D. Del. Nov. 6, 2015) (citation omitted).

[79] *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

[80] *McCullough v. Gateway Health LLC*, 2021 WL 4284582, at *17 (D. Del. Sept. 21, 2021) (citation omitted).

[81] *Id.* (citation omitted).

[82] *Rizzitiello v. McDonald's Corp.*, 868 A.2d 825, 832 (Del. 2005).

[83] *Roadman v. Select Specialty Hosp.*, 2017 WL 4236581, at *4 (W.D. Pa. Sept. 22, 2017) (citing *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147-48 (2004)).

apparatus."[84]   An employer is not entitled to this affirmative defense "if the plaintiff quits in reasonable response to an employer-sanctioned adverse action officially changing her employment status or situation, for example, a humiliating demotion, extreme cut in pay, or transfer to a position in which she would face unbearable working conditions."[85]

First, the Complaint reflects that Plaintiff voluntarily chose not to report the allegations against Kratzer to anyone in the County.[86]   The Complaint also reflects that as soon as the County was aware of the allegations, the County initiated an investigation, and the allegations were unsubstantiated.[87]   Plaintiff does not allege that any harassment occurred after this investigation, nor did Plaintiff resign in response to an employer-sanctioned adverse action.   Rather, the Complaint indicates that the Plaintiff chose to resign because he "was notified by his physician that due to a PTSD and anxiety diagnosis, which she related to his employment at New Castle County, she did not recommend he return to work there."[88]   Thus, the harassment did not reach the "breaking point" as required for a constructive discharge claim.[89]   Accordingly, Count V should be dismissed.

### J. Plaintiff Failed To Plead Facts To Support A Claim Under The Delaware Whistleblowers Protection Act (Count X).

The Delaware Whistleblowers' Protection Act ("DWPA") aims "to protect 'employees who report violations of the law for the benefit of the public,' as well as to 'provide[ ] a check on persons in positions of authority, by ensuring that they do not take retaliatory action against

---

[84] *Suders*, 542 U.S. at 134.

[85] *Id.* (citations omitted).

[86] Complaint ¶¶ 32, 33, 35, 40.

[87] *Id.* at ¶¶ 41, 46.

[88] *Id.* at ¶ 80.

[89] *See Roadman*, 2017 WL 4236581, at *4-5.

subordinates who disclose misconduct.'"[90]  "The elements for a *prima facie* case of a violation of the DWPA are as follows: (1) the employee engaged in a protected whistleblowing activity; (2) the accused official knew of the protected activity; (3) the employee suffered an adverse employment action; and (4) there is a causal connection between the whistleblowing activity and the adverse action."[91]  "An 'adverse employment action' is 'an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.' "[92]  "There must be 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"[93]

Plaintiff has not alleged such facts.  Plaintiff claims that after he "complained and refused to participate in what he believed were unlawful safety activities, he was written up/disciplined in violation of the Delaware Whistleblowers Protection Act, 19 Del. C. §§ 1701, *et seq.*"[94]  Aside from Plaintiff's conclusory allegations, the Complaint is void of facts to infer that Plaintiff was written up and/or disciplined due to his alleged safety complaints.  Conclusory allegations and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.[95] Accordingly, Count X should dismissed.

---

[90] *Chance v. Kraft Heinz Foods Co.*, 2018 WL 6655670, at *10 (Del. Super. Ct. Dec. 17, 2018) (citation omitted).

[91] *Id.* (citation omitted).

[92] *McCullough*, 2021 WL 4284582, at *12 (citations and internal quotes omitted).

[93] *Id.* (citation omitted).

[94] Compl. ¶ 116.

[95] *See Culler*, 507 F. App'x 246 at 249 (citation omitted).

## V.  CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.


Dated: January 7, 2022                    **NEW CASTLE COUNTY OFFICE OF LAW**

                                          */s/ Helene Episcopo*
                                          Helene Episcopo (No. 6406)
                                          E-mail: helene.episcopo@newcastlede.gov
                                          Mary A. Jacobson (No. 3508)
                                          E-mail: mary.jacobson@newcastlede.gov
                                          New Castle County Government Center
                                          87 Reads Way
                                          New Castle, DE 19720
                                          Telephone: (302) 395-5130

                                          *Attorneys for Defendants*

19