# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 1:21-CV-01450-RGA |
| ) | |
| NEW CASTLE COUNTY, ) | |
| HERBERT F. COATES, in his individual ) | |
| capacity, and GARRETT C. KRATZER, ) | |
| in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**NEW CASTLE COUNTY OFFICE OF LAW**
Helene Episcopo (No. 6406)
E-mail: helene.episcopo@newcastlede.gov
New Castle County Government Center
87 Reads Way
New Castle, DE 19720
Telephone: (302) 395-5130
*Attorney for Defendants*

Dated: February 28, 2022

## **Table of Contents**

Page

I. The Complaint May Not Be Amended Through The Brief…………………………………1

II. Plaintiff's Complaint Failed To Establish Respondeat Superior Liability For Hostile Work Environment Claims (Counts II, III, and IV). ………………………………………………1

III. Plaintiff Fails To State Hostile Work Environment Claims (Counts III and IV) ). ………...3

IV. Plaintiff Fails To State A Claim Of Retaliation (Counts I and VI)…………………………..4

V. Plaintiff Insufficiently Pleads Defendants Acted Under Color of State Law (Counts XI-XIV). ……………………………………………………………..6

VI. Count X Should Be Dismissed For Failure To State A Claim.………………………..........7

VII. Plaintiff Failed To State A Constructive Discharge Claim (Count V). ………………….....8

VIII. Conclusion ……………………………………………………………………………..9

## Table of Authorities

PAGE

**CASES**

*Bearer v. Teva Pharms. USA, Inc*,
   2021 WL 4145053 (E.D. Pa. Sept. 8, 2021) ...................................................................5

*Bishop v. City of Philadephia (Dep't of Prisons)*,
   2021 WL 4477097 (E.D. Pa. Sept. 30, 2021), ................................................................3

*Bonenberger v. Plymouth Twp.*,
   132 F.3d 20, 23 (3d Cir. 1997)........................................................................................7

*Burlington Northern and Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006)..........................................................................................................5

*Chance v. Kraft Heinz Foods Co.*,
   2018 WL 6655670 (Del. Super. Ct. Dec. 17, 2018) .......................................................7

*Commw. of Pa. ex rel Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988)............................................................................................1

*Conley v. State*,
   2011 WL 113201 (Del. Super. Ct. Jan. 11, 2011) ..........................................................8

*Crawford v. George & Lynch, Inc.*,
   2013 WL 6504635 (D. Del. Dec. 9, 2013)......................................................................1

*Culler v. Sec'y of U.S. Veterans Affs.*,
   507 F. App'x 246 (3d Cir. 2012) ....................................................................................5

*Hemphill v. City of Wilmington*,
   813 F. Supp. 2d 581 (D. Del. 2011)............................................................................1, 3

*Houlihan v. Sussex Tech. Sch. Dist.*,
   461 F. Supp. 2d 252 (D. Del. 2006)............................................................................6, 7

*Johnston v. Univ. of Pittsburgh of Com. Sys. of Higher Educ.*,
   97 F. Supp. 3d 657 (W.D. Pa. 2015)...............................................................................4

*Jones v. Pennsylvania State Police*,
   794 F. App'x 177 (3d Cir. 2019).....................................................................................2

*Kade v. Workie*,
   238 F. Supp. 3d 625, 632 (D. Del. 2017).......................................................................6

*McCleester v. Mackel*,
   2008 WL 821531 (W.D. Pa. Mar. 27, 2008) ............................................................................7

*McCullough v. Gateway Health LLC*,
   2021 WL 4284582 (D.Del. Sept. 21, 2021) ............................................................................8

*Mondero v. Lewes Surgical & Med. Assocs. P.A.*,
   2016 WL 6562037 (D. Del. Nov. 3, 2016) .............................................................................4

*Moore v. City of Philadelphia*,
   461 F.3d 331 (3d Cir. 2006) ....................................................................................................4

*Perez v. RHP Staffing Co.*,
   2021 WL 4583850 (E.D. Pa. Oct. 6, 2021) .............................................................................8

*Prowel v. Wise Business Forms. Inc.*,
   579 F.3d 285 (3d Cir. 2009) ....................................................................................................4

*Remp v. Alcon Labs., Inc.*,
   701 F. App'x 103 (3d Cir. 2017) .............................................................................................5

*Riley v. Delaware River & Bay Auth.*,
   661 F. Supp. 2d 456 (D. Del. 2009) ........................................................................................5

*Salvato v. Smith*,
   2013 WL 3431214 (E.D. Pa. July 9, 2013) .............................................................................4

*Tomaszewski v. City of Philadelphia*,
   460 F. Supp. 3d 577 (E.D. Pa. 2020) ......................................................................................5

*Yates v. Delaware Psychiatric Ctr./Delaware Dept. of Health & Soc. Servs.*,
   2018 WL 4328815 (D. Del. Sept. 11, 2018) ...........................................................................3

**STATUTES**

19 *Del. C.* § 1703 ...........................................................................................................................8

Defendants, New Castle County (the "County"), Garrett Kratzer ("Kratzer"), and Herbert Coates ("Coates") (collectively referred to as "Defendants"), respectfully submit this Reply Brief in support of their motion (the "Motion") for entry of an order dismissing certain claims of Plaintiff John Doe ("Plaintiff" or "Doe") [D.I. 12] against Defendants in his Complaint [D.I. 5] (the "Complaint" or "Compl.") and the opening brief in support thereof [D.I. 13] ("Opening Brief") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff withdrew Counts VII, VIII, and IX of the Complaint in his Answering Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint ("Response") [D.I. 20].

## REPLY

### I. The Complaint May Not Be Amended Through The Brief.

Plaintiff makes factual allegations throughout the Response that are not plead within the Complaint. "[T]he complaint may not be amended by the brief[] in opposition to a motion to dismiss."[1]

### II. Plaintiff's Complaint Failed To Establish Respondeat Superior Liability For Hostile Work Environment Claims (Counts II, III, and IV).

Counts II, III, and IV should be dismissed because Plaintiff cannot establish employer liability. "Employer liability exists only if the plaintiff demonstrates 'the employer failed to provide a reasonable avenue for complaint, or, if the employer was aware of the alleged harassment, that it failed to take appropriate remedial action.'"[2]  "When a hostile work environment is created by a co-worker, the employer is not automatically liable."[3] Plaintiff alleges

---

[1] *Commw. of Pa. ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted).

[2] *Hemphill v. City of Wilmington*, 813 F. Supp. 2d 581, 588 (D. Del. 2011) (citations omitted).

[3] *Crawford v. George & Lynch, Inc.*, 2013 WL 6504635, at *9 (D. Del. Dec. 9, 2013).  Here, Plaintiff has not alleged that Kratzer was his supervisor.

1

three hostile work environment claims in Counts II, III, and IV.  First, Plaintiff has not plead that the County failed to provide a reasonable avenue for a complaint.  Similarly, Plaintiff has not pled facts to infer that the County was aware of this alleged harassment by Krazter and that it failed to take appropriate action.

Plaintiff claims that "Kratzer's history of overt behavior in front of co-workers and supervisors should have at least put the County on notice that Kratzer would harass or terrorize [Plaintiff]." [D.I. 20 at 9].  However, the "overt behavior" Plaintiff claims put the County on notice does not pertain to the Plaintiff or Plaintiff's hostile work environment claims.[4]  Although a "'formal' complaint is unnecessary; instead, an employer may become liable as soon as it 'should have known' of a coworker's harassment."[5]  Plaintiff readily admits that he did not report any of the allegations of harassment by Kratzer to *anyone* in the County, let alone management level personnel.[6]  Plaintiff's Complaint makes clear that as soon as the County became aware of Plaintiff's report to the police, the County internally investigated the matter.[7]  Thus, the Court cannot infer from the Complaint that the County was aware of the alleged harassment by Kratzer or failed to take appropriate action.  Counts II, III, and IV should therefore be dismissed.

### III. Plaintiff Fails To State Hostile Work Environment Claims (Counts III and IV).

To succeed on a hostile work environment claim, Plaintiff must demonstrate that: (1) he suffered intentional discrimination because of a protected status; (2) the discrimination was severe or pervasive; (3) he was detrimentally affected by the discrimination; (4) the discrimination would detrimentally affect a reasonable person in his position; and (5) respondeat superior liability

---

[4] *See* Compl. ¶¶ 25, 26.

[5] *Jones v. Pennsylvania State Police*, 794 F. App'x 177, 180 (3d Cir. 2019) (citation omitted)

[6] Compl. ¶¶ 32, 33, 35, 40.

[7] *Id.* ¶¶ 41-46.

exists.[8]  Plaintiff claims that he was subject to a hostile work environment based on 1) gender (Count III), and 2) sex/sexual orientation (Count IV).  "A hostile work environment claim does not exist by itself."[9]  Rather, "it must be related to unlawful intentional discrimination."[10]

Plaintiff did not incorporate specific facts into Count III or Count IV of his Complaint.  In his Response, Plaintiff claims that paragraphs 23 through 38 support Counts III and IV.  *See* [D.I. 20 at 8].  In Count III, Plaintiff alleges that he "suffered intentional discrimination . . . because of his gender.  Based upon the actions of Mr. Kratzer, it is reasonable to believe that he thought [Plaintiff] was a ***homosexual and was intentionally discriminating against [Plaintiff] on that basis.***"[11]  Defendants do not contest that sexual orientation is a protected status.  Rather, Defendants contend the allegations in Plaintiff's Complaint are insufficient to state a claim that he was intentionally discriminated against on this basis of his perceived sexual orientation as described in Count III.  The actions alleged in paragraphs 23 through 38 do not make any reference to Plaintiff's perceived sexual orientation, aside from Plaintiff's conclusory allegation that "it is fair to assume that Kratzer perceived [Plaintiff] to be homosexual."[12]

Similarly, in Count IV, Plaintiff alleges that he "suffered intentional discrimination by Kratzer while employed at New Castle County ***because it was perceived that his sex and sexual orientation did not conform to the stereotypes of his gender and that he was a homosexual***

---

[8] *See Hemphill*, 813 F. Supp. 2d at 587-88 (citations omitted).

[9] *Bishop v. City of Philadephia (Dep't of Prisons)*, 2021 WL 4477097, at *10 (E.D. Pa. Sept. 30, 2021) (citation omitted).

[10] *Id.* (citation omitted); *see also Yates v. Delaware Psychiatric Ctr./Delaware Dept. of Health & Soc. Servs.,* 2018 WL 4328815, at *3 (D. Del. Sept. 11, 2018) ("verbal and physical harassment, no matter how unpleasant and ill-willed, is simply not prohibited by Title VII if not motivated by the plaintiff's [protected status]").

[11] Compl. ¶ 65 (emphasis added).

[12] *Id.* at ¶ 38.

3

*despite his marriage to a woman."*[13] Again, the allegations in paragraphs 23 through 38 of the Complaint do not plead facts that support a plausible inference that Plaintiff was discriminated against because it was perceived that his sex and sexual orientation did not conform to the stereotypes of his gender.[14] Accordingly, Count III and Count IV should be dismissed for failure state a claim.

### IV. Plaintiff Fails To State A Claim Of Retaliation (Counts I and VI).

Plaintiff fails to state a claim of retaliation. To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show: (1) he engaged in activity protected by Title VII; (2) the County took an adverse employment action against him; and (3) there was a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.[15]

The actions outlined in Count I of Plaintiff's Complaint do not rise to the level of an adverse employment action.[16] Although the "adverse action" standard in the retaliation context may be broader than the discrimination context,[17] "in either context, 'firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant

---

[13] *Id.* at ¶ 72 (emphasis added).

[14] *See e.g. Johnston v. Univ. of Pittsburgh of Com. Sys. of Higher Educ.*, 97 F. Supp. 3d 657, 680 (W.D. Pa. 2015) ("[T]o state a cognizable claim for discrimination under a sex stereotyping claim, a plaintiff must allege that he did not conform to his harasser's vision of how a man should look, speak, and act") (citing *Prowel v. Wise Business Forms. Inc.*, 579 F.3d 285, 292 (3d Cir. 2009)).

[15] *See Mondero v. Lewes Surgical & Med. Assocs. P.A.*, 2016 WL 6562037, at *2 (D. Del. Nov. 3, 2016) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)).

[16] *See* Compl. ¶¶ 51-55.

[17] "[A] plaintiff claiming retaliation under Title VII must show that a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Salvato v. Smith*, 2013 WL 3431214, at *9 (E.D. Pa. July 9, 2013).

change in benefits' are such adverse actions."[18]  Plaintiff argues that a reasonable employee would find the transfer to work with Kratzer materially adverse.  [D.I. 20 at 10].  In *Burlington Northern and Santa Fe Ry. Co. v. White*, the Supreme Court "stressed that the antiretaliation provision of Title VII does not protect an individual from all retaliation, but only from retaliation that produces injury or harm."[19]  When "evaluating the 'material adversity' requirement, 'it is important to separate significant from trivial harms' because 'an employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.'"[20]  Plaintiff's Complaint contains conclusory allegations that Plaintiff "may have been paired with Kratzer in retaliation"[21] for voicing his concerns.  Conclusory allegations and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.[22]  For the reasons stated herein, and in Defendants' Opening Brief, Count I should be dismissed for failure to state a claim.

Plaintiff's Complaint fails to state a claim of retaliation (Count VI).  Plaintiff claims that the County retaliated against him by failing to offer a transfer of position.[23]  First, Plaintiff's Response to this argument contains several factual conclusions that are not supported by allegations in the Complaint.  *See* [D.I. 20 at 11].  Plaintiff's Response states that "the County

---

[18] *Bearer v. Teva Pharms. USA, Inc*, 2021 WL 4145053, at *9 (E.D. Pa. Sept. 8, 2021) (citing *Remp v. Alcon Labs., Inc.*, 701 F. App'x 103, 106-107 (3d Cir. 2017)).

[19] *Riley v. Delaware River & Bay Auth.*, 661 F. Supp. 2d 456, 470 (D. Del. 2009) (citing *Burlington Northern and Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67 (2006)).

[20] *Tomaszewski v. City of Philadelphia*, 460 F. Supp. 3d 577, 599 (E.D. Pa. 2020), *appeal dismissed,* 2020 WL 7366324 (3d Cir. Aug. 5, 2020).

[21] Compl. ¶ 23.

[22] *See Culler v. Sec'y of U.S. Veterans Affs.*, 507 F. App'x 246, 249 (3d Cir. 2012) (citation omitted).

[23] Compl. ¶ 87.

retaliated against [Plaintiff] for complaining about Kratzer's conduct when they ***refused to transfer him out of the department*** with the harasser." [D.I. 20 at p. 9]. However, Plaintiff did not plead any facts that he requested a new position or transfer of position and that such request was denied by the County. Rather, he claims the failure to offer a transfer was retaliatory.[24] Most critically, Plaintiff admits he did not return to work after January 24, 2020 at the direction of his physician.[25] Thus, Count VI should be dismissed for failure to state a plausible claim of retaliation.

### V. Plaintiff Insufficiently Pleads Defendants Acted Under Color of State Law (Counts XI-XIV).

Plaintiff asserts three substantive due process claims and one equal protection claim (Counts XI-XIV). "A *prima facie* case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."[26] Plaintiff's Response fails to refute Defendants' argument that that the Complaint insufficiently pleads that the Defendants acted under color of state law.

"Generally speaking, where a § 1983 action is brought by one public employee against another person employed by the same entity, the alleged wrongdoer must occupy a supervisory position over the plaintiff in order to act under color of state law."[27] However, "the alleged wrongdoer need not have the authority to hire, fire, or issue regular evaluations of the plaintiff, so long as he or she regularly supervises the plaintiff."[28]

---

[24] Compl. at ¶ 47.

[25] *Id.* at ¶¶ 42, 43, 48, 86.

[26] *Kade v. Workie*, 238 F. Supp. 3d 625, 632 (D. Del. 2017) (citation omitted).

[27] *McCleester v. Mackel*, 2008 WL 821531, at *9 (W.D. Pa. Mar. 27, 2008) (citing *Houlihan v. Sussex Tech. Sch. Dist.,* 461 F. Supp. 2d 252, 261 (D. Del. 2006)).

[28] *Houlihan*, 461 F. Supp. 2d 252 at 261.

Plaintiff cites to *Bonenberger* for the proposition that a "state employee may, under certain circumstances, wield considerable control over a subordinate whose work he regularly supervises, even if he does not hire, fire, or issue regular evaluations of [his] work."[29] Contrary to Plaintiff's Response, Plaintiff's Complaint did not plead that Coates or Kratzer supervised Plaintiff, nor plead facts to infer that they "wielded considerable control" over Plaintiff. Plaintiff failed to plead that Coates and Krazter had supervisory control over Plaintiff, and therefore Counts XI, XII, XIII, and XIV should be dismissed.[30]

### VI.    Count X Should Be Dismissed For Failure To State A Claim.

Plaintiff failed to state a plausible claim brought pursuant to the Delaware Whistleblower's Protection Act ("DWPA"). The DWPA provides that employers "shall not discharge, threaten, or otherwise discriminate against an employee regarding the ***employee's compensation, terms, conditions, location, or privileges of employment***. . .[b]ecause the employee refuses to commit or assist in the commission of a violation, as defined in this chapter . . " 19 *Del. C.* § 1703(3). Delaware courts have noted that the elements of a violation of the DWPA include: (1) the employee engaged in a protected whistleblowing activity; (2) the accused official knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the whistleblowing activity and the adverse action.[31]

---

[29] *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 23 (3d Cir. 1997) (cited by D.I. 20 at 15).

[30] *See Houlihan*, 461 F. Supp. 2d 252 at 261-62 (dismissing plaintiff's claim against defendant for failure to allege the defendant had any supervisory power over plaintiff's daily activities).

[31] *Chance v. Kraft Heinz Foods Co.*, 2018 WL 6655670, at *10 (Del. Super. Ct. Dec. 17, 2018).

7

The courts have not defined "adverse employment action" specifically in the context of the DWPA.[32] Notably, an "adverse employment action" in the context of Title VII is "an action by an employer that is serious and tangible enough to alter an *employee's compensation, terms, conditions, or privileges of employment.*"[33] This is nearly identical language to 19 *Del. C.* § 1703. Thus, Title VII may provide guidance on the issue.[34] Plaintiff's Response alleges that his transfer to work with Kratzer constitutes an adverse employment action under the DWPA. However, aside from the conclusory allegations that "he may have been paired with Kratzer in retaliation for raising safety concerns,"[35] the allegations in the Complaint infer that he was transferred to work with Kratzer because Plaintiff had an altercation with Coates.[36] Accordingly, Count X should be dismissed.

### VII. Plaintiff Failed To State A Constructive Discharge Claim (Count V).

Plaintiff failed to plead a constructive discharge claim. "To bring a successful claim of constructive discharge, a plaintiff must show that the employer made working conditions so unpleasant or intolerable that a reasonable person in the employee's shoes would resign."[37] Here,

---

[32] Delaware courts apply "the standards articulated by the United States Supreme Court in analyzing federal employment discrimination claims" to claims under the Delaware Discrimination in Employment Act. *Conley v. State*, 2011 WL 113201, at *3 (Del. Super. Ct. Jan. 11, 2011) (citations omitted).

[33] *McCullough v. Gateway Health LLC*, 2021 WL 4284582, at *12 (citations and internal quotes omitted) (emphasis added).

[34] Under Title VII, the adverse employment action in a discrimination claim must include "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *McCullough*, 2021 WL 4284582, at *12 (citation omitted).

[35] Compl. ¶ 23.

[36] *Id.* at ¶¶ 19-22.

[37] *Perez v. RHP Staffing Co.*, 2021 WL 4583850, at *6 (E.D. Pa. Oct. 6, 2021) (citation omitted); *see also McCullough v. Gateway Health LLC*, 2021 WL 4284582, at *17 (D. Del. Sept. 21, 2021) (citation omitted).

8

the Complaint reflects that Plaintiff voluntarily chose not to report the allegations against Kratzer to anyone in the County.[38] The Complaint also reflects that as soon as the County was aware of the allegations, the County initiated an investigation, and the allegations were unsubstantiated.[39] Plaintiff does not allege that any harassment occurred after this investigation, nor did Plaintiff resign in response to an employer-sanctioned adverse action.  Rather, the Complaint indicates that the Plaintiff chose to resign because he "was notified by his physician that due to a PTSD and anxiety diagnosis, which she related to his employment at New Castle County, she did not recommend he return to work there."[40]  Accordingly, Count V should be dismissed.

## VIII. Conclusion

For the reasons presented in Defendants' Opening Brief, and herein, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: February 28, 2022　　　　　　　**NEW CASTLE COUNTY OFFICE OF LAW**

*/s/ Helene Episcopo*
Helene Episcopo (No. 6406)
E-mail: helene.episcopo@newcastlede.gov
New Castle County Government Center
87 Reads Way
New Castle, DE 19720
Telephone: (302) 395-5130

*Attorney for Defendants*

---

[38] Complaint ¶¶ 32, 33, 35, 40.

[39] *Id*. at ¶¶ 41, 46.

[40] *Id*. at ¶ 80.