IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    C.A. No. 1:21-CV-01450-RGA |
| | ) |
| NEW CASTLE COUNTY, | ) |
| HERBERT F. COATES, in his individual | ) |
| capacity, and GARRETT C. KRATZER, | ) |
| in his individual capacity, | ) |
| | ) |
|     Defendants. | ) |

# CONFIDENTIALITY ORDER

**I.  PURPOSE AND LIMITATIONS**

    A.    Discovery in the above-captioned action (the "Action") is likely to involve the disclosure of Confidential Information (defined below).  The Parties are likely to conduct discovery that, unless subject to protective order, will or is likely to require another Party or third party to disclose Confidential Information.[1]

    B.    Accordingly, the Court enters the following Confidentiality Order (this "Order").

    C.    This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and this Order.

**II.  DEFINITIONS**

    A.    <u>Confidential Information.</u> When used in this Order, the term "Confidential

---

[1] The "Parties" are Plaintiff John Doe ("Plaintiff") and Defendant New Castle County (the "County").  The claims against Garrett Kratzer ("Kratzer") and Herbert Coates ("Coates") have been dismissed.  *See* D.I. 23 & 24.

Information" means any information, document, thing, or portion of any document or thing that: (a) contains non-public business information, including business strategies, decisions, or negotiations; (b) contains non-public personal information, including, but not limited to medical records, personal financial records, such as tax records, and personal identifying information such as social security numbers; (c) contains non-public information pertaining to personnel compensation, evaluations, performance, discipline, and other employment information; (d) contains non-public information, including personal or identifying information, received in confidence from, or that is subject to a confidentiality obligation to, third parties, including witnesses to the alleged incident and/or victims/witnesses of unrelated incidents ("third party information"); (e) all documents contained within any and all personnel files of any present or former employee, official, or representative of New Castle County and/or the New Castle County Department of Public Works; or (f) all documents including, but not limited to, sensitive information that may appear in New Castle County's policies and procedures, any internal investigations which are disclosed, furnished or submitted, either voluntarily or pursuant to a Court order.

  B. <u>Challenging Party.</u> A Party or Non-Party that challenges the designation of information or items under this Order.

  C. <u>Designating Party.</u> A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

  D. <u>Disclosure or Discovery Material.</u> All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are divulged, revealed, described, transmitted, produced or generated in disclosures or responses to discovery in this matter, or otherwise communicated, including oral testimony.

E. <u>Document.</u> When used in this Order, the term "Document" means all writings, drawings, graphs, charts, recordings, computer disks, electronically stored information, data and complications of data, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

F. <u>Expert.</u> A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

G. <u>Producing Party.</u> A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

H. <u>Professional Vendors.</u> Persons or entities that provide litigation support services (e.g., electronic discovery hosting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

I. <u>Receiving Party.</u> A Party that receives a Document or Disclosure or Discovery Material from a Producing Party.

**III.   SCOPE AND EXCLUSIONS**

A. The protections conferred by this Order cover not only Confidential Information (as defined above), but also: (a) any information copied or extracted from Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.

B. <u>Exclusions.</u>   Confidential Information shall not include: (a) any information that is properly in the public domain at the time of disclosure or thereafter comes into the public domain (other than by breach of this Order or any other confidentiality agreement or obligation);

or (b) any information which is disclosed to any Party in good faith by a third party not affiliated with or employed by any Party, who has the legal right to make such disclosure.

IV. **DURATION AND TERMINATION**

  A. Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all persons having received Confidential Information shall either: (a) make a good-faith and reasonable effort to return such materials and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (b) make a good-faith and reasonable effort to destroy all such Confidential Information, and upon request certify to that fact in writing to counsel for the Producing Party.  Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of Documents constituting work product, copies of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.  This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

V. **CONFIDENTIAL INFORMATION**

  A. Counsel for any Party, or any third party to whom discovery requests or a subpoena are issued in this matter, may designate material produced in the course of discovery as "Confidential" only if counsel determines, in good faith that such material meets the definition of Confidential Information, as defined in Section II.A. *supra.*  Nothing in this Order limits the rights of any third party on whom a subpoena is served to object to the subpoena and assert any issues regarding the confidentiality of any materials or information sought.

  B. The designation of Confidential Information, Documents, and Disclosure or Discovery Material as "Confidential" shall be made in the following manner:

1. By writing, typing, or stamping "CONFIDENTIAL" on the face of any materials upon their initial production to the Receiving Party; or by including "CONFIDENTIAL" in the file or directory name, or by affixing "CONFIDENTIAL" to the media containing the Discovery Material (*e.g.*, CD-ROM).

2. Alternatively, the Producing Party may designate materials as "Confidential" by written notice to opposing counsel by setting forth a description of all materials to be designated as "CONFIDENTIAL," where stamping the term "CONFIDENTIAL" is impractical or not possible.

C. Unless otherwise ordered by the Court, or otherwise provided for herein, any Confidential Information will be held and used by the Receiving Party solely for use in connection with this Action.

D. Confidential Information shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity, or judicial tribunal other than:

1. This Court or a court with appellate jurisdiction;
2. Counsel for the Parties retained in or working on this Action, including co-counsel and in-house counsel;
3. Agents under the supervision of such counsel;
4. The Parties in this action;
5. Employees of New Castle County, to the extent deemed necessary by counsel for the County for the prosecution, defense, or settlement of this Action;
6. Deponents and their counsel during depositions;
7. Witnesses or prospective witnesses and their counsel in this Action;

    8.  Stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this Action;

    9.  Experts and consultants, as defined in Section II.F. of this Order;

    10.  Professional Vendors, as defined in Section II.H. of this Order;

    11.  Any arbitrator, mediator, or case evaluator; and

    12.  By order of any Court of competent jurisdiction.

  E.  If any Confidential Information is filed with the Court, or attached to any papers filed with the Court, or quoted in a pleading filed with the Court, the Confidential Information shall be marked "CONFIDENTIAL" under this Order, and shall be filed under seal, consistent with the procedures and standards set forth in D. Del. LR 5.1.3.

  F.  If Confidential Information contained in a Document, Disclosure, or Discovery Material is used during a deposition of a witness in this action, the Confidential Information shall be marked "CONFIDENTIAL" and the portion of the record or transcript in which Confidential Information is recited or made an exhibit thereto shall be deemed Confidential Information under this Order.

  G.  In the case of depositions or other pre-trial testimony, counsel for the Parties shall: (a) note for the record at the time of the deposition or other pre-trial testimony, those portions of the testimony being preserved upon the record which said counsel believes in good-faith should be designated as "CONFIDENTIAL," or (b) by written notice, sent to all Parties within fourteen (14) business days of receipt of the final transcript of the deposition or other pre-trial testimony stating that the entire deposition transcript or pre-trial testimony, or part thereof, is so designated.

  H.  Prior to the use of any Confidential Information in a court proceeding, counsel for any Party seeking to disclose Confidential Information shall confer in good faith with counsel for the Designating Party on such procedures that may be necessary or advisable to protect the

confidentiality of any such Confidential Information. If the Designating Party does not consent to the disclosure, the party who seeks to make the disclosure must comply with the process set forth in Section VI. This paragraph does not modify the requirements set forth in Section V.E. or Section VI of this Order.

      I.      <u>Inadvertent Failures to Designate.</u> The inadvertent or unintentional disclosure by any Party or third party of Confidential Information that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Party that inadvertently disclosed Confidential Information notifies the Receiving Party in writing promptly after discovering the inadvertent or unintentional disclosure. Good-faith disclosure of such Confidential Information prior to receipt of such notice shall not be deemed a violation of this Order. However, once a Receiving Party is given notice by the Producing Party of the designated Confidential nature of such undesignated material, the Receiving Party shall make all reasonable efforts to obtain the return of such undesignated material from all Parties who received such information, but who are not entitled to access Confidential Information under this Order.

**VI.**      **CHALLENGING CONFIDENTIALITY DESIGNATION**

      A.      <u>Timing of Challenges.</u> Any Party or third party may challenge a designation of confidentiality at any time consistent with the Court's scheduling order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      B.      <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order as well as D. Del. LR 37.1. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within 10 business days of the date of service of notice. In conferring, the Designating Party must explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process within the time period prescribed above.

   C. <u>Judicial Intervention.</u> Should counsel find they are unable to resolve a dispute relating to the propriety of a confidentiality designation, the Challenging Party shall file a letter explaining the dispute and a certification of compliance with the meet and confer process prescribed in Section VI.B.  The non-Challenging Parties may then file a response. The Parties shall then contact the Court's Case Manager to schedule a conference/argument.

   D. No challenge to the propriety of a confidentiality designation shall have the effect of removing a designation, and the Document or Disclosure or Discovery Material at issue shall continue to be treated as Confidential Information unless and until the Court specifically orders otherwise or the Designating Party removes the confidentiality designation and notifies the Challenging Party of such de-designation.

**VII.** **DISCLOSURE**

   A. If Confidential Information is disclosed to any person other than one entitled to disclosure under this Order by those persons set forth above, the Party or counsel responsible for the disclosure shall immediately upon learning of such disclosure inform counsel for the Parties

of the pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Information, Documents, or Disclosure or Discovery Material under the terms of this Order.

      B.     Dissemination to any individuals listed in Section V.D. (6) [deponents], (7) [witnesses], and (9) [experts] shall only occur only after such person has signed an Acknowledgment in substantially the following form: stating that he/she/they: (a) has read this Order; (b) has discussed it with counsel for the Party who has retained said individual or is making such disclosure or with independent counsel; and (c) agrees to be bound by this Order. The Acknowledgment, in the form attached hereto as Exhibit A, shall be signed by the person to whom the Confidential Information will be disseminated, and a copy of the Acknowledgment shall be maintained by counsel obtaining such signature and making such disclosure.

      C.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Confidential Information (the "Receiver"), the Receiver shall:

          1.     Within five (5) business days of receipt of such subpoena or court order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

          2.     Within five (5) business days of receipt of such subpoena or court order notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order;

          3.     Cooperate with respect to all reasonable procedures sought to be pursued

        by the Designating Party whose CONFIDENTIAL designation or Confidential Information may be affected in order to advise the court from which the subpoena or order issued that the Designating Party will be opposing the subpoena or court order. The burden of opposing the subpoena or court order will fall on the Designating Party.

    4.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  Nothing herein shall be construed as requiring the Receiver to challenge or appeal any determination by the court from which the subpoena or order issued requiring production of Confidential Information covered by this Order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any determination by the court from which the subpoena or order issued — not being timely challenged or appealed by the Designating Party — directing production pursuant to a subpoena or court order will not constitute violation of this Order.

## VIII. <u>INADVERTENT PRIVILEGE DISCLOSURE</u>

    A.    <u>Inadvertent Production of Privileged Material.</u> The Parties intend that this provision provides all the protections afforded by Federal Rule of Evidence 502 and further imposes the obligations of Federal Rule of Civil Procedure 26(b)(5)(B) on the Receiving Party.

    B.    The inadvertent production or disclosure during discovery of a Document or information protected by the attorney-client privilege, attorney work product doctrine, or other privilege ("Privileged Material") shall not be deemed a waiver of the privilege, work product, or

other protection or immunity from discovery by the Producing Party in this or any subsequent state or federal proceeding.

  C. Where it is reasonably apparent to the Receiving Party that Privileged Material was inadvertently sent or produced, and the attorney for the Receiving Party knows or reasonably should know that the Privileged Material is privileged or subject to the work-product doctrine, the Receiving Party and its attorneys shall: (a) refrain from examining the Privileged Material any more than is necessary to determine that it is privileged or subject to the work-product doctrine, and (b) promptly notify the Producing Party in writing.

  D. Within three (3) business days of receipt of notice by any Party that Privileged Material was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Privileged Material shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the Producing Party and shall delete such material from any medium.

  E. In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Privileged Material, which shall then be segregated and destroyed.

## IX. MISCELLANEOUS PROVISIONS

  A. Pseudonym. The Parties have reached an agreement that Plaintiff shall continue to proceed pseudonymously through the pleadings and discovery. The Parties disagree on Plaintiff's use of a pseudonym at trial. If Plaintiff wishes to proceed pseudonymously through trial, Plaintiff shall file a Motion no later than June 3, 2023 on the issues which shall be considered, after an opportunity for Defendant to be heard, on the merits.

  B. <u>Other Proceedings.</u> By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

      C.      This Order contemplates that the Parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

      D.      If any Party identifies Confidential Information designated by a third-party as an exhibit under D. Del. LR 16.3(d), the Parties shall provide notice of such designation to the Designating Party on the date set forth in D. Del. LR 16.3(d)(2). Any Designating Party that agrees to be bound by this Order shall have standing to contest the public disclosure of Confidential Information at trial.

      E.      The foregoing is entirely without prejudice to the right of any Party or third party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of Documents or information; or to apply to the Court for an order compelling production of Documents or information; or for modification of this Order. The fact that a Party entered into this Order may not be raised as a defense to or argument against any such motion.

| **MURPHY & LANDON** | **NEW CASTLE COUNTY OFFICE OF LAW** |
|---|---|
| */s/ Lauren A. Cirrinicione* <br> Lauren A. Cirrinicione, Esq. (DE Bar 5089) <br> 1011 Centre Road, Suite 210 <br> Wilmington, DE 19805 <br> (t) 302-472-8101 <br> lcirrinicione@msllaw.com <br> *Attorney for Charging Party* | */s/ Helene Episcopo* <br> Helene Episcopo, Esq. (DE Bar 6406) <br> 87 Reads Way <br> New Castle, DE 19720 <br> (t) 302-395-5130 <br> Helene.episcopo@newcastlede.gov <br> *Attorney for Defendant* |

**JACOBS & CRUMPLAR, P.A.**

*/s/ Patrick C. Gallagher*
Patrick C. Gallagher, Esq. (DE Bar 5170)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
(t) 302-656-5445
pat@jcdelaw.com
*Attorney for Charging Party*


**IT IS SO ORDERED**, this 20th day of September, 2022.

/s/ Richard G. Andrews
THE HONORABLE JUDGE RICHARD G. ANDREWS
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND CONSENT TO BE BOUND BY CONFIDENTIALITY ORDER

_____ , hereby declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Order ("Order") that was issued by the United States District Court for the District of Delaware in *John Doe v. New Castle County,* Case No. 1:21-CV-01450-RGA (D. Del.) (the "Action").  I have also discussed the Order with counsel for the party who is making such disclosure or with independent counsel.  I agree to comply with and to be bound by all the terms of this Order.  I further agree not to disclose or use any Confidential Information (as defined in the Order) for purposes other than those permitted under the Order.  I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Action.

_____
Date

_____
Signature

_____
Printed Name