IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>NEW CASTLE COUNTY,<br><br>        Defendant. | Civil Action No. 21-1450-RGA |

MEMORANDUM ORDER

Before me is Defendant's motion for judgment on the pleadings. (D.I. 67). I have considered the parties' briefing. (D.I. 68, 71, 72). For the reasons set forth below, I **GRANT** Defendant's motion.

By way of background, Plaintiff filed a fourteen-count complaint. (D.I. 3). After considering a motion to dismiss, all that remained were Counts V and X. (D.I. 23 & 24).[1] Defendant New Castle County answered the complaint. (D.I. 26). More than a year later, Defendant filed the pending motion. It seeks judgment as to Count V. Count X is a state law claim. The motion requests that I not exercise supplemental jurisdiction over Count X. (D.I. 68 at 2).

I. **LEGAL STANDARD**

If a Rule 12(c) motion for judgment on the pleadings alleges that the plaintiff failed to state a claim upon which relief can be granted, the motion is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134

---

[1] The opinion can be found at *Doe v. New Castle County*, 2022 WL 1909394 (D. Del. June 3, 2022).

(3d Cir. 2010). A court must accept the factual allegations in the complaint and view them in the light most favorable to the non-moving party. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Turbe*, 938 F.2d at 428. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must "draw on its judicial experience and common sense" to make the determination whether plaintiff fails to state a claim upon which relief can be granted. *Id.*

In deciding a Rule 12(c) motion, "a court may only consider 'the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *See Wolfington v. Reconstructive Orthopaedic Associates II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (citation omitted). "[A] court may consider extraneous documents if the complaint references the documents or if the documents are integral to the plaintiff's claims." *AstraZeneca Pharms. LP v. Apotex Corp.*, 2010 WL 5376310, at *9 (D. Del. Dec. 22, 2010).

## II. DISCUSSION

### A. Constructive Discharge

Defendant argues that constructive discharge is not an independent cause of action under Title VII. (D.I. 68 at 4). Defendant contends that constructive discharge may instead be used to satisfy an element of a Title VII claim; for example, it may satisfy the "adverse employment action" element of a retaliation claim. (*Id.*). Defendant argues that the Third Circuit's model jury instructions support its position because the instructions do not describe an independent

claim for constructive discharge.[2] (*Id.* at 4–5). Because I previously dismissed Plaintiff's underlying Title VII claims, Defendant argues that Plaintiff no longer has a viable Title VII claim under which he may raise an allegation of constructive discharge. (*Id.* at 5).

Defendant further argues that Plaintiff's constructive discharge claim fails because he did not resign from his job until months after the alleged harassment ended. (*Id.* at 6). Defendant contends that a jury may only find constructive discharge if a hostile work environment existed at the time the employee resigned. (*Id.*).

Plaintiff characterizes Defendant's argument about the gap between his medical leave and his resignation as an untimely motion for reconsideration. (D.I. 71 at 7–9). Plaintiff argues that I already rejected this argument in connection with a motion to dismiss. (*Id.* at 7). On the merits, Plaintiff contends that he has pleaded sufficient facts to survive a Rule 12(c) motion on his constructive discharge claim. (*Id.* at 15–17). Plaintiff also contends Defendant should have raised its other argument—that constructive discharge is not a standalone claim—in a Rule 12(b)(6) motion. (*Id.* at 9).

Plaintiff further argues that constructive discharge is a distinct cause of action under Title VII. (*Id.*). Plaintiff relies on *Green v. Brennan*, 578 U.S. 547 (2016), where the Supreme Court determined when the statute of limitations for constructive discharge claims begins to run. (*Id.*). Plaintiff contends, "*Green* necessarily held that a constructive discharge claim was a separate claim under Title VII." (*Id.* at 10). Plaintiff argues that Defendant's authority is inapposite because Defendant cites to cases decided before *Green*. (*Id.*).

---

[2] The model jury instructions are "neither law nor precedential." *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 190 (3d Cir. 2019).

Defendant replies that Plaintiff's reliance on *Green* is misplaced. (D.I. 72 at 1). Defendant contends that after *Green*, courts in the Third Circuit have continued to state that constructive discharge is not an independent cause of action. (*Id.*). Defendant also argues that "even *Green* notes that Plaintiff must first prove discrimination by the County to support an allegation of constructive discharge–which Plaintiff has not pled." (*Id.* at 3). Defendant further contends that its motion is not an untimely motion for reconsideration (*id.* at 5–6), and it argues that Plaintiff has failed to plead employer liability (*id.* at 4–5).

I think Plaintiff's reliance on *Green* is misplaced. The Supreme Court in *Green* did not hold that constructive discharge is a standalone claim. In discussing the statute of limitations, the Court found that constructive discharge is "a separate claim" for the purpose of determining the limitations period. *Green*, 578 U.S. at 558–59. It does not follow that there can be a constructive discharge claim that is unrelated to some conduct that violates Title VII. Without the conduct that violates Title VII, a constructive discharge claim cannot survive on its own. As Defendant notes, several district courts in the Third Circuit have recently reiterated that constructive discharge is not a standalone claim. *See, e.g.*, *Wiggins v. Universal Prot. Servs.*, 2022 WL 493410, at *12 (E.D. Pa. Feb. 17, 2022), *aff'd on other grounds*, 2022 WL 4116912 (3d Cir. Sept. 9, 2022); *Mazur v. Sw. Veterans Ctr.*, 2019 WL 4345726, at *27 n.17 (W.D. Pa. Sept. 12, 2019), *aff'd on other grounds*, 803 F. App'x 657 (3d Cir. 2020).[3] Because I previously

---

[3] Plaintiff cites to *Ovalle v. Harris Blacktopping, Inc.*, 2021 WL 6063576, at *11 (E.D. Pa. Dec. 22, 2021), for the proposition that "[a] hostile work environment claim and a constructive discharge claim are distinct causes of action." *Ovalle* does not contradict *Green* or recent decisions in the Third Circuit. The court in *Ovalle* went on to state that "[w]orkers must first sufficiently allege a hostile work environment claim to reach the constructive discharge claim." *Id.* This reasoning is consistent with the well-established view that constructive discharge is not a standalone claim.

4

dismissed Plaintiff's underlying Title VII claims, including his hostile work environment claims (D.I. 24), and Plaintiff did not amend his Complaint thereafter, his constructive discharge claim must be dismissed.[4]

### B. Delaware Whistleblowers' Protection Act Claim

Defendant argues I should also dismiss Plaintiff's claim under the Delaware Whistleblowers' Protection Act ("DWPA"). (D.I. 68 at 7). Defendant points out that I have previously dismissed state law claims where jurisdiction was based on supplemental jurisdiction. (*Id.*).

Plaintiff argues I should retain jurisdiction over the DWPA claim if I dismiss the constructive discharge claim. (D.I. 71 at 17). Plaintiff contends that the parties have litigated this case for nearly two years, they have spent "considerable time and effort" on preparing for depositions, and there are no novel issues of state law that need resolution. (*Id.* at 18). Plaintiff thus argues that "issues of judicial economy, convenience, and fairness to the parties justify" the retention of supplemental jurisdiction. (*Id.*).

Defendant replies that dismissal without prejudice, with leave to file in state court, would not prejudice either party. (D.I. 72 at 8). Defendant contends that the litigation so far has only focused on allegations in the Complaint, and only one person has been deposed. (*Id.*). Although the parties have substantially completed document production, Defendant contends that this production would not need to occur again in state court. (*Id.*).

---

[4] Because I find that constructive discharge is not a standalone claim, I do not need to reach the parties' remaining arguments. I note that on the motion to dismiss, Defendant raised only one issue with Count V, and it was not the one it now advances. Nevertheless, even were I to conclude that this issue could not be raised by the instant motion, what would be the point of not deciding it now? I would simply reach the same conclusion at the summary judgment stage, with the only difference being that the parties would unnecessarily have spent resources litigating this case.

Because I am dismissing the remaining federal claim, I find it appropriate to dismiss the DWPA claim as well. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). The work the parties have done should be easily transferable to a state court proceeding should Plaintiff choose to refile there.

### III.   CONCLUSION

For the reasons discussed above, I **GRANT** Defendant's motion for judgment on the pleadings. (D.I. 67). Judgment for Defendant is GRANTED on Count V of Plaintiff's Complaint. Count X of Plaintiff's Complaint is hereby DISMISSED without prejudice.

A separate judgment will be entered.

IT IS SO ORDERED.

Entered this 16th day of November, 2023

*[signature]*
United States District Judge